## WILLIAM HOLCOMB v. FOREMAN SLOAN.

*Statute of limitations—Joint promisors.*

A payment by the estate of a joint and several promisor does not prevent another promisor from taking the benefit of the statute of limitations. Comp. L., § 7165.

Error to Ionia. Submitted June 13. Decided June 21.

ASSUMPSIT. Defendant brings error.

*Smith & Sessions* for plaintiff in error. Payment by one of two joint debtors does not keep the cause of action alive against the other, *Van Keuren v. Parmelee,* 2 Comst., 523; *Bell v. Morrison,* 1 Pet., 351; *Winchell v. Hicks,* 18 N. Y., 560; *Pickett v. Leonard,* 34 N. Y., 176; *Smith v. Ryan,* 66 N. Y., 356; *Harper v. Fairley,* 53 N. Y., 442.

*John S. Bennett* for defendant in error.

GRAVES, J. October 26, 1868, William Holcomb and Jesse Holcomb gave Sloan their joint and several promissory note for $500 payable two years after date with annual interest at ten per cent. In May, 1869, Jesse Holcomb died. December 1st, 1877, Sloan brought this suit against William Holcomb on the note. It bore three indorsements upon the back, the last bearing date March 9, 1872, and covering a payment of $319.45 made by the administrator of the estate of Jesse Holcomb, and this payment was made after allowance by commissioners on the claim when exhibited by Sloan. At the trial Holcomb insisted upon the Statute of Limitations as a bar and the defense was valid unless the payment from the estate hindered.

Sloan testified that plaintiff in error told him after the death of Jesse Holcomb to present the note to Jesse Holcomb's estate and get what pay he could out

of the estate and that he did so and received the amount endorsed. He also testified that plaintiff in error subsequently asked him how much had been allowed on the note and that he informed him of the amount as near as he could recollect it.

The only question of importance in the case is whether the payment from the estate of Jesse Holcomb repels William Holcomb's defense under the Statute of Limitations. The court below ruled that it did so and awarded judgment in favor of Sloan.

We are of opinion that under the provisions of our statute the payment by the administrator of Jesse Holcomb did not impair the defense.

Section 7165, Comp. L., provides that if there are two or more joint contractors, no one of them shall lose the benefit of the provisions of the chapter so as to be chargeable, by reason only of any payment made by any other or others of them. If we assume for the purpose of the case that apart from this statute the estate of Jesse Holcomb could be considered as a joint debtor in any such sense as would justify the claim that a payment from it should or could renew the debt as against the plaintiff in error, then it is quite certain that the provision cited must apply, and whether after the death of Jesse Holcomb there was any party besides the plaintiff in error who could by payment keep the note in life as against him according to the doctrine of some cases it is quite unnecessary to consider.

If there was not there was no pretense of objection against the defense, and on the contrary if the estate ought to be considered as a joint party competent to renew by payment, the provision quoted cannot be avoided, and the payment was not of force to renew the note as against the plaintiff in error. *Shoemaker v. Benedict,* 1 Kern., 176; *Peirce v. Tobey,* 5 Met., 168; *Balcom v. Richards,* 6 Cush., 360.

And we see nothing in the fact that plaintiff in error

advised the exhibition of the note against the estate, to change the result.

The judgment should be reversed with costs and a new trial granted.

The other Justices concurred.