## JACOB V. ROGERS v. GEORGE H. ANDERSON.

*Statute of limitations—Joint promisors—Costs.*

One joint maker of a note shall not lose the benefit of the statute of limitations by reason of payments made by another. Comp. L., § 7164.

Unexplained indorsements and indorsements written by or for the payee are not sufficient proof of payment to take a case out of the statute of limitations. Comp. L., § 7165.

The admissions of one joint maker are not evidence against another.

Costs are not awarded on affirmance where the record was corrected after the removal of the case.

Error to Allegan.   Submitted Jan. 15.   Decided Jan. 28.

ASSUMPSIT.   Plaintiff brings error.

*Jacob V. Rogers* for plaintiff in error.

*E. J. Anderson* for defendant in error. Payment by one joint maker does not relieve a note from the operation of the statute of limitations as to all of them. *Shoemaker v. Benedict,* 11 N. Y., 176; *Winchell v. Hicks,* 18 N. Y., 558; *Harper v. Fairley,* 53 N. Y., 445; *Smith v. Ryan,* 66 N. Y., 356; *Balcom v. Richards,* 6 Cush.,

360; *Pierce v. Tobey*, 5 Met., 171; *Hance v. Hair*, 25 Ohio St., 349; *Smith v. Irwin*, 37 Mo., 169; *Smith v. Townsend*, 9 Richardson, 44; *Bibb v. Peyton*, 19 Miss., 275; *Stowers v. Blackburn*, 21 La. Ann., 127.

MARSTON, J. This action was commenced in justice's court to recover the amount due upon a promissory note executed jointly by said defendant and one Henry G. Johnson. The statute of limitations was pleaded. On the trial the note, with the indorsement of payments made thereon, was introduced in evidence. The plaintiff was then called as a witness and testified that he had talked with defendant Johnson in regard to the payments made upon the note; that Johnson told him payments had been made as shown by said indorsements, and that the last payment was made by him, Johnson. The plaintiff then rested. The justice rendered a judgment against both defendants, which, upon certiorari to the circuit court, was reversed as to defendant Anderson, the other defendant not joining in the removal of said cause to the circuit.

The evidence was clearly insufficient to warrant the rendition of a judgment against defendant Anderson. The statute is express and clear that in case of two or more joint contractors, no one of them shall lose the benefit of the statute, so as to be chargeable by reason of a payment made by the other, and also that indorsements of payments written by or on behalf of the party to whom payment is made shall not be deemed sufficient proof of payment to take the case out of the statute. 2 Comp. L., §§ 7164–5.

Unexplained indorsements of payments could not be received as evidence so as to take the case out of the operation of the statute. *Mich. Ins. Co. v. Brown*, 11 Mich., 273. And the admissions of defendant Johnson could have no force or effect as against defendant Anderson. *Thompson v. Richards*, 14 Mich., 173.

The circuit court was right in reversing the judgment

as to defendant Anderson. It must therefore be affirmed, but as an important error has been amended or cured by a correction of the record in the court below since the removal of this cause to this court, no costs will be awarded.

The other Justices concurred.