| 54 | 325 |
| 55 | 322 |
| 54 | 325 |
| 73 | 73 |

## In the Matter of Max Munck's Estate.
### Henry F. Lyster's Appeal.

*Guardianship—Appeal from discharge of guardian.*

1. Guardianship cannot be revived after the release of the ward merely to enable a claim that had been previously filed to be prosecuted against the ward's estate, or to be secured by the guardian's bond. And the claimant has no such interest in the estate as will entitle him to appeal from the order discharging the guardian.

2. Courts cannot create liens, but can only declare and enforce them.

Certiorari to Wayne Circuit Court.    June 18.—June 25.

Appeal from probate order discharging guardian. The guardian brings certiorari. Reversed, and appeal dismissed.

*Oscar M. Springer,* the guardian in person, for plaintiff in certiorari. The remedy for those who furnish necessaries to minors under guardianship, holding property, is against the estate in the hands of the guardian; but not against the guardian personally, unless he enters into a contract on which he can be held liable individually: *Spring v. Woodworth* 4 Allen 326; *Conant v. Kendall* 21 Pick. 36; *Cole v. Eaton* 8 Cush. 587; in legal procedure generally, when guardianship intervenes, the law regards the ward and not his guardian: *Raymond v. Sawyer* 37 Me. 406; *Thacher v. Dinsmore* 5 Mass. 301; *Brown v. Chase* 4 Mass. 436; citing the guardian to show cause is a proceeding against him personally: *Kinney v. Harrett* 46 Mich. 87; *Rollins v. Marsh* 128 Mass. 116; none but a person "aggrieved" has a right to appeal from an order of the probate court: How. Stat. § 6779; *Besancon v. Brownson* 39 Mich. 393; if the order does not " conclude, or in any way affect the rights " of the defendant, he is not "aggrieved :" *Lewis v. Bolitho* 6 Gray 138; *Labar v. Nicholas* 23 Mich. 310; *Smith v. Bradstreet* 16 Pick. 264.

*Trowbridge & Brewster* for respondent, as to the responsibility of the guardian to the ward's creditors, cited *Thacher v. Dinsmore* 5 Mass. 299; *Raymond v. Sawyer* 37 Me. 406; *Homstead v. Loomis* 53 Me. 549; Gary's Probate Laws, § 802, n. 73; *Conant v. Kendall,* 21 Pick. 36; *Cole v. Eaton* 8 Cush. 587, 588; *Brasher v. Van Cortlandt* 2 Johns. Ch. 242; *Thompson v. Boardman* 1 Vt. 367.

SHERWOOD, J. The appellant below and defendant in error in this case is a physician, and amputated a limb for Munck, rendering a bill for the service at the sum of $102, which he sought to have allowed him in this proceeding.

The defendant Munck, during his sickness, was adjudged incompetent, and was placed under guardianship by the probate court of Wayne county. January 18, 1883, the doctor filed his petition asking the allowance of said claim against Munck's estate, and cited the guardian to show cause why it should not be paid; and pending this proceeding, Munck filed a petition praying to be re-examined and released from

guardianship. Accordingly, February 6, 1883, an order was entered by the probate court releasing him from guardianship, and declaring him competent to have the care and management of his own estate. Thereupon the guardian settled his account with Munck and paid over and delivered all moneys, goods and effects, held by virtue of the guardianship, to him, and filed a receipt, showing the same in the probate court, whereupon the court entered a second order discharging the guardian from liability, and canceling his bond. From this last-named order the doctor appealed to the circuit court. The circuit judge reversed the order appealed from, and entered an order directing the probate court to allow the plaintiff to prove his claim; and the case is now before us on certiorari to the circuit.

It is the duty of every guardian to manage and dispose of his ward's estate in such manner as shall be for the ward's best interest; to pay " all just debts" due from the ward " upon the approval of the judge of probate; " to " demand, sue for and receive all debts due the ward, and at the expiration of his trust, to settle his account with the judge of probate, or with the ward or his legal representative," and then " to pay over and deliver all the estate and effects remaining in his hands, or due from him on such settlement to the person or persons who shall be lawfully entitled thereto." How. Stat. § 6309. If a guardian neglects his duty, an action may be brought on his bond, which is the same whether the ward is an incompetent or an infant. How. Stat. § 6331. The relation of guardian and ward usually exists for merely temporary purposes, and it is plain that when these purposes are fulfilled the trust must terminate. Schouler on Dom. Rel. (2d ed.) 453. And when the guardian is legally discharged, he has no longer the management of the trust estate. How. Stat. § 6316.

By this appeal it was not sought to show Munck was incompetent,—unable to transact his business,—or that any fraud, mismanagement or undue influence had been practiced upon the ward by his guardian or by anybody else. But the appellant insists that his claim (which is not shown to have

originated during the ward's incompetency) was presented to the judge of probate for allowance during his ward's incompetency, and therefore the guardianship should continue, and the property of Munck be controlled for the benefit of the claimant by the guardian until the claim should be investigated and allowed by the judge of probate, and paid, notwithstanding the guardianship was terminated and the guardian had settled with his ward and held his receipt in full, and had no funds in his hands belonging to the ward, and that the guardian and his bondsmen should be held liable to the claimant for the funds of the ward to the extent of his claim until payment thereof should be made. This we think cannot be done. It would be subjecting the ward to an arbitrary exercise of power over his property very humiliating to him, and would create a duty and liability on the part of the guardian never contemplated by the Legislature, and intolerable under our Constitution and laws.

This Court can never sanction such an exercise of authority under such circumstances, at the instance of a creditor, over the property of a debtor who is capable of managing his own estate, when the debt is an implied assumpsit and not in judgment.

On the removal of the guardian in this case all the remedies which the law gave the creditor to make his claim against the debtor or his property were open to him, and to add the new one now claimed by the appellant, would be not only without any authority in law but might deprive the debtor of his own right and mode of defense, were the claim an unjust one.

The only object of the appeal in this case was to secure an order from the probate court to the guardian to withhold the funds of his ward for the purpose of satisfying the appellant's claim when established. It is difficult to see how this could be done, even though the authority existed for so doing, so long as the guardian had, by the order of the judge of probate, been discharged and settled with his ward, and no appeal had been taken from that order.

Neither the guardian nor the property of his ward can be

made liable under such circumstances. He had not only been discharged by valid order but had settled with his ward, and paid him all he owed him, and this he had a legal right to do. *Hooper v. Hooper* 26 Mich. 435. We are unable to see upon what principle the incompetency of the claimant's patient in this case gave him an additional lien upon his debtor's property to what he would have had, had the patient remained compos mentis. Courts cannot create liens. They can only declare and enforce them when they exist, either in law or equity.

The claimant had no such interest in the estate or property of his patient in this case as would authorize him to take the appeal.

The judgment at the circuit must be reversed, and the appeal dismissed with costs of both courts.

The other Justices concurred.