SAMUEL L. TATE, PROBATE JUDGE FOR OTTAWA COUNTY, FOR THE USE OF JAMES W. FLEMING v. EDWARD STEVENSON, SURVIVOR OF JOHN FLEMING AND FREDERICK HALL.

*Limitation of actions against sureties on guardian's bond—New promise by one joint debtor—Discharge of guardian.*

1. Guardianship over several minors is not a joint relation but involves duties that are several.

2. A payment or new promise by one of several joint debtors will not in Michigan keep the obligation alive as to another who had no part or privity therein.

3. Guardianship ends in Michigan when the ward becomes of age or ceases to be incompetent; the guardian can then do no farther act as such, but is *discharged* of his office; and his ward may settle with him if he chooses without the intervention of the probate court.

4. A guardian must be ready to account as soon as his trust ends.

5. Termination of guardianship is equivalent to the discharge of the guardian.

6. Actions against the sureties on a guardian's bond are barred in four years from the guardian's discharge. How. Stat. § 6332. *Held,* that this means four years after he ceases from any cause to be guardian.

Error to Ionia. (Hooker, J.) Oct. 22.—Nov. 19.

ASSUMPSIT. Defendant brings error. Reversed.

*Mitchel, Bell & McGarry* for appellant.

*Webster, Davis & Millard* for appellee. Action on a guardian's bond will not lie until the guardian has been cited to account and the amount due the ward has been judicially

ascertained by the probate court: *Salisbury v. Van Hoesen* 3 Hill 77; *Stilwell v. Mills* 19 Johns. 304; *Critchett v. Hall* 56 N. H. 324; *Newton v. Hammond* 38 Ohio St. 430; suit need not be brought until all the wards are relieved from disability: Ang. on Lim. (6th ed.) §§ 195–8; *Demarest v. Wynkoop* 3 Johns. Ch. 129; *Brown v. Probate Judge* 42 Mich. 501.

CAMPBELL, J. This was a suit against the sole surviving surety on a guardian's bond, the guardian being dead.

The guardian John Fleming was appointed March 11, 1867, over five children; and James W. Fleming, for whose benefit this suit is brought, became of full age on September 21, 1878. Frederick Hall was defendant's co-surety. On January 12, 1880, the guardian was cited to account, and on February 12, 1880, a balance was found due of $853.68. It is found that the guardian, through Hall, made payments in October and December, 1878, and in August, 1879. The order to sue on the bond was made June 29, 1880, and the suit was brought March 29, 1883. Hall and Fleming have died since that time.

The only question raised is whether the action against the surety is barred by limitation. The court below held it was not, and gave judgment against him, from which he has brought error.

The statute governing the proceeding is Comp. L. § 4840 (How. Stat. § 6332), which bars actions against sureties unless brought " within four years from the time when the guardian shall have been discharged," with a saving clause in favor of persons absent from the State at the time of discharge, and of persons under disability to sue.

It was suggested on the argument that as the decedent was guardian of several minors, some of whom have not become of age, the statute cannot run during their nonage. It was also suggested that the payments in 1878 and 1879 would take the case out of the statute.

There is no foundation for the claim that guardianship can be treated as exercised over minors jointly. While the same person may be guardian over several children, yet his duties

are several and not joint. No authority is found for any joint relation, and our statutes do not contemplate it.

Assuming, which we need not now consider, that a part payment or new promise would have taken this case out of the statute, it is sufficient to say that under our statutes a payment or a new promise by one joint debtor will not operate to keep the obligation alive as to another who was not privy to it or in any way participating in it. *Rogers v Anderson* 40 Mich. 290; *Mainzinger v. Mohr* 41 Mich. 685.

The question then arises,—what is meant by the discharge of a guardian? It is claimed by the defense that it means the termination of his official character. For the plaintiff it is claimed that it means his discharge by final settlement.

The only sections of the statutes bearing on this question, which have been called to our attention, are Comp. L. §§ 4816 and 4836 (How. Stat. 6308 and 6328). The former provides that every guardian shall have the care and management of the estate and continue in office until the minor reaches majority, " or until the guardian shall be discharged according to law." The latter section provides for the resignation and removal of guardians, which can only be done during the minority of the ward, and while there is, therefore, a disability to sue.

It has been the uniform understanding that the office itself terminates in all cases when the ward comes of age or ceases to be incompetent, and that after that time the ward may settle with his guardian without the intervention of the probate court if he chooses, and the guardian can do no further act as guardian, but becomes discharged of his office. *Cheever v. Congdon* 34 Mich. 297; *Lyster's Appeal* 54 Mich. 325. There is therefore no hindrance in the way of seeking an accounting, and a guardian is bound to be ready to account as soon as his trust comes to an end. The remedy to compel accounting is summary, and it cannot generally consume much time. And inasmuch as a failure to account is as much a breach of duty as a failure to pay over money, the cases cannot be very numerous in which a recourse to the bond cannot be had within the statutory period.

The discharge cannot very well have more than one of two meanings. It must mean either the end of the guardianship office, or the discharge from liability. It cannot mean the latter, because that would preclude any occasion for resort to the bond. The object of the statute was, evidently, to make a uniform rule of limitation; and it is long enough to prevent injustice in most cases, if not universally.

This construction has been adopted in Massachusetts under the same statutory provision, which seems to have given the pattern of our own law. *Loring, Judge of Probate v. Alline* 9 Cush. 68. In our opinion it is the purpose of this statute to require suit to be brought against the sureties within four years after the guardian ceases to be guardian from any cause (saving personal disabilities to sue,) and not four years from any other period or transaction.

The defendant is entitled to a reversal, and to judgment in his favor on the finding, with costs of both courts.

COOLEY, C. J. and SHERWOOD, J. concurred. CHAMPLIN, J. did not sit.