MATILDA HOWARD, ADMINISTRATRIX, ETC., v. ORRIN
COON.

*Statute of limitations—Foreign judgment—Certification—Non-resident defendant—Jurisdiction.*

1. Where, in a suit upon a note executed in another state, brought against the maker nearly 20 years after its maturity, during which time he has resided in this State, it is admitted that no payment has been made on the note, and no proof is offered to show that the action is not barred by the statute of limitations, the plaintiff cannot recover.

2. A certificate of a county clerk, authenticating the certificate of a justice of the peace of another state of proceedings had before him, is void if it fails to show that the certifying officer is a clerk of a court of record of the county or district in which the justice has executed his office; citing How. Stat. § 7506.

3. A justice of the peace in another state cannot acquire jurisdiction over the person of a defendant, so as to be able to render a personal judgment against him of a character to be considered valid and enforceable as such in this State, when it appears that his only right for assuming such jurisdiction grows out of and is based upon a summons issued in his state, and served upon the defendant in this State; and this rule can in no way be dependent upon the *locus in quo* of the contract.

Error to Wayne. (Brevoort, J.) Submitted on briefs October 27, 1892. Decided November 4, 1892.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Jay Fuller,* for appellant.

*Hamilton Baluss,* for plaintiff.

DURAND, J. This is an action of *assumpsit,* brought by plaintiff against the defendant to recover for moneys lent on a promissory note executed by defendant on July 13,

1870, at the county of Amador, in the state of California; and also for a judgment rendered by W. B. Hubbell, a justice of the peace of township 4, in said county of Amador and state of California, on August 21, 1889. The defendant pleaded the general issue, and gave notice that he would claim the benefit of the statute of limitations as to the note, and that, as to the judgment, the justice had no jurisdiction to render a personal judgment against the defendant, for the reason that it was founded upon a service of the summons made upon the defendant outside of the state of California, and in the county of Wayne, in the State of Michigan, where the defendant then resided.

Upon the trial it was admitted that no payment had been made upon the note, nor was any proof offered which in any way showed that the remedy was not barred by the statute of limitations of this State. Upon this state of facts it is clear that plaintiff could not recover upon the note.

The plaintiff next offered in evidence what purports to be a judgment rendered on August 21, 1889, at the place and by the justice referred to in the declaration, being in Amador county, in the state of California. The judgment purports to have been rendered upon the note above referred to, and the only jurisdiction the justice acquired over the defendant was that which he obtained by reason of the summons having been sent from the state of California to Wayne county, Mich., at which latter place it was served upon the defendant by the sheriff of Wayne county. The transcript of this judgment was certified to by L. J. Fontenrose, county clerk of Amador county, Cal., without any certification or proof that he was the clerk of a court of record. Objection was made in a timely manner at the trial to the admission of the judgment in evidence, both on account of the defective certificate, and

because the justice, by reason of the service of the summons upon the defendant in Michigan, could not and did not acquire any jurisdiction to render a judgment against him in the state of California. Both objections were overruled, and plaintiff recovered judgment thereon.

It was error to receive the judgment in evidence upon the simple certificate of a county clerk. Section 7506, How. Stat., provides that—

"The official certificate of any justice of the peace within any other state of the United States of the proceedings and judgment in any case before him as such justice, with the certificate of the clerk of any court of record in the county or district in which such justice has executed his office, attested by his official seal, setting forth that the signature to the certificate of the justice is genuine, and that he was such justice at the date of such proceedings and judgment, shall be sufficient evidence of such proceedings and judgment."

The certificate failed to show that the county clerk who signed this certificate was the clerk of a court of record, and his certification was therefore void under the statute referred to, and for this reason it should not have been admitted as evidence.

The second objection was also well taken. A justice of the peace in California cannot acquire personal jurisdiction over a defendant, so as to be able to render a personal judgment against him of a character to be considered valid and enforceable as such in this State, when it appears that his only right for assuming such jurisdiction grows out of and is based upon a summons issued in the state of California, and served upon the defendant in the State of Michigan; and this rule can in no way be dependent upon the *locus in quo* of the contract.

In *McEwan v. Zimmer*, 38 Mich. 765, when this question

arose in a case upon a judgment rendered in Canada, Mr.
Justice COOLEY said:

" The question, then, seems to be narrowed to this:
Whether the service of process beyond the jurisdiction of
the court issuing it can impose upon the party served the
obligation to appear in the suit, and make there his
defense, if he has any. If this question must be answered
in the affirmative as regards a judgment rendered in
Canada, it must receive a like answer when it contemplates
a judgment rendered on a like service in New Zealand, or
in one of the colonial courts of the Dutch East Indies.

\*   \*   \*   \*   \*   \*   \*   \*

" Now, the service of process is for the purpose of
notifying the defendant, and giving him a fair opportunity
to defend. But the service of process in Michigan, which
requires one to appear and answer to a demand in a for-
eign country, would, in general, be of no value whatever,
because a defense abroad would either be practically impossi-
ble, or would be so expensive as to exceed in cost the impor-
tance of the demand. It may therefore justly and emphat-
ically be declared that such service would give no fair
opportunity to defend, and consequently could not accom-
plish the purpose of process. Were the doctrine accepted
which would permit it, it might reasonably be anticipated
that fictitious claims would be asserted abroad against
Americans who, for business or pleasure, had visited for-
eign countries, and would become established claims by
default in a defense which a party wrongfully charged
could not afford to make. We think the doctrine has no
foundation in reason or in the principles of international
law or international comity."

The same general rule is adopted in *Bissell v. Briggs*,
9 Mass. 462; *Thompson v. Whitman*, 18 Wall. 457. And
in the state of California, where the judgment was ren-
dered, it is held that a judgment obtained by publication
of summons against the defendant, then out of the state
in which the judgment is rendered, has no binding force
*in personam*, and is a mere nullity when attempted to be
enforced in another state. *Kane v. Cook*, 8 Cal. 449.

There is therefore no theory upon which the action of

the court below can be sustained, and the judgment will be reversed, with costs of this Court to the defendant, and a new trial granted.

The other Justices concurred.