HOME LIFE INSURANCE CO. *v.* ELWELL.

1. LIMITATION OF ACTIONS—CONFLICT OF LAWS.
   The law of limitation of actions is a part of the *lex fori.*

2. SAME—FOREIGN PLAINTIFF—IGNORANCE OF DEFENDANT'S WHERE-ABOUTS.
   › The fact that the obligor in a bond executed in another State removes to Michigan without the knowledge of. the obligee does not operate to suspend the running of the statute in the former's favor until such time as the latter ascertains his whereabouts.

·3. SAME—PART PAYMENT—ARREST OF STATUTE.
   A payment made by a grantee of mortgaged premises, who took them subject to the mortgage, will not, in the absence of any showing that he was acting as agent of the mortgagor, or otherwise than for his own benefit, be deemed a payment by the mortgagor in such sense as to arrest the running of the statute in the latter's favor.

Error to Gratiot; Daboll, J.   Submitted January 8, 1897.   Decided March 10, 1897.

Debt by the Home Life Insurance Company against Catherine M. Elwell and John A. Elwell upon a bond.

111 MICH.—44.

111  689
113   14

111  689
124  669

111  689
126  681

111  689
s70NW 334
129  ³262

111  689
s70NW 334
131  ³223

111  689
142  ³520

111  689
f148 ³499

111  689
151  ¹ 28

111  689
f155  ² 42

From a judgment for defendants, plaintiff brings error. Affirmed.

*Newell Leonard*, for appellant.

*C. W. Giddings*, for appellees.

HOOKER, J. The defendants, on December 29, 1871, while residents of the State of New Jersey, executed a bond for $6,000, payable January 1, 1873, interest payable semi-annually, accompanied by a mortgage upon New Jersey land owned by defendant Catherine M. Elwell, the defendant John A. Elwell having signed the bond as surety. The defendants paid interest on the bond regularly up to January 1, 1877, the last payment made by them being on January 3, 1877. On January 10, 1877, they joined in a conveyance of the mortgaged premises to Christine H. Arkell, for $14,500, subject to said mortgage, the property being then worth $20,000. In July, 1877, the defendants removed to Michigan, where they have since resided, giving plaintiff no notice of their removal, and paying no further attention to the matter of their indebtedness. Christine Arkell paid the interest upon the bond until December, 1891, when she sold the property to James W. Arkell, and he paid interest to July 1, 1892, since which time no interest has been paid. In 1893, foreclosure was commenced in the chancery court of New Jersey, and the premises were bid in by the plaintiff for the sum of $4,300, leaving a deficiency, including costs, of $2,401.15. The defendants were not made parties to the foreclosure proceedings, and were ignorant of them until after the sale had become absolute.

This action was begun in the circuit court for the county of Gratiot, to recover the deficiency, upon the bond. The defense is the statute of limitations, and the court held that the plaintiff's action was barred by the statute of Michigan, and that the statute of New Jersey had no application. It was further held that the

plaintiff should have brought its action within 10 years after the defendants became domiciled in Michigan, to prevent the claim from being barred by the Michigan statute, and that the payments of interest by the Arkells were not such payments by defendants as to arrest the running of the statute.

Counsel for the plaintiff contends:

1. That the court erred in finding that the statute of Michigan barred the claim, inasmuch as the plaintiff had no knowledge that the defendants resided in Michigan.

2. That the payments made by the Arkells were payments upon the debt, and for the benefit of the defendants, and had the effect of arresting the running of the statute, the same as though made by the defendants.

It is a uniform rule that the law of the forum applies, and therefore it is the statute of limitation in force in Michigan, and not that of New Jersey, which must govern.   See 1 Wood, Lim. § 8; *Howard* v. *Coon,* 93 Mich. 442.

When the defendants came to Michigan, the statute had begun to run, the bond being due.   No provision of our statute relieves a foreign plaintiff from the force of the statute because he is ignorant that the defendants have removed to Michigan; it is only when the defendants are absent from Michigan that the statute is arrested. These defendants were residents of the State continuously for over 10 years after the statute commenced to run, and we are not advised of any authority which suspended the statute by reason of plaintiff's want of information concerning their whereabouts.

There is nothing to show that the payments made by the Arkells were other than payments for their own benefit, to relieve the premises from the incumbrance. In *Littlefield* v. *Dingwall,* 71 Mich. 223, it was said that payment by a joint debtor does not arrest the running of the statute against his co-defendant.   *Rogers* v. *Anderson,* 40 Mich. 290; *Ottawa Probate Judge* v. *Stevenson,* 55 Mich. 320; *Holcomb* v. *Sloan,* 39 Mich. 173;

*Howard* v. *Coon*, 93 Mich. 442.    This is contrary to the
doctrine laid down in the case of *Pears* v. *Laing*, L. R.
12 Eq. 56, and possibly *Barrett* v. *Prentiss*, 57 Vt. 300,
though that case is perhaps distinguishable.    See, also,
*Emory* v. *Keighan*, 88 Ill. 488, where it is said that
grantees of a mortgagor may be affected by payments
made by the mortgagor upon the debt secured by the
mortgage after the statute has run.    It is, however, the
law here, whatever the rule may be elsewhere, and we
think it accords with the weight of authority.    The
theory upon which part payment takes a case out of the
provisions of the statute is that it may be supposed to
imply a new promise to pay the debt; and the cases hold
that this result will not follow where the payment is
accompanied by circumstances which preclude such in-
ference.    See *A'Court* v. *Cross*, 3 Bing. 329; *Tippetts*
v. *Heane*, 4 Tyrw. 772; *Linsell* v. *Bonsor*, 2 Bing. N.
C. 241; *Bateman* v. *Pinder*, 3 Q. B. 574; *Collyer* v.
*Willock*, 4 Bing. 313; *Wakeman* v. *Sherman*, 9 N. Y.
85; *Chambers* v. *Garland*, 3 G. Greene, 322.    This is
the rule in Michigan.    *Ten Eyck* v. *Wing*, 1 Mich. 40;
*Jewett* v. *Petit*, 4 Mich. 508.    And, where the payment
is made by another, it has been held that such other must
be one authorized to make a new promise on behalf of
the debtor for the residue.    *Brown* v. *Latham*, 58 N. H.
30 (42 Am. Rep. 568); *Harper* v. *Fairley*, 53 N. Y. 442;
*Littlefield* v. *Littlefield*, 91 N. Y. 203 (43 Am. Rep.
663).    And see 1 Wood, Lim. § 101 *et seq.*    There is
nothing in this record to show that any such authority
was given to the Arkells.    Presumably, the payments
were made upon their own behalf, to save their estate;
and we cannot say that an expectation on the part of the
defendants that they would pay (if we may infer that)
was tantamount to authorizing or directing them to bind
defendants by a new promise.

We are therefore of the opinion that the circuit court
was not in error in his conclusion.

The other Justices concurred.