KOONS *v.* VAUCONSANT.

1. STATUTE OF LIMITATIONS—JOINT DEBTORS—RENEWAL NOTE.
   The giving of a renewal note by a joint maker will not keep the debt alive as to the co-maker.

2. SAME—FRAUD.
   And the fact that the former also signed the latter's name to the renewal note, thereby misleading the payee, can make no difference, if such signing was without authority, and there is nothing on which to base an estoppel.

3. SAME—NEW PROMISE—CONSIDERATION—MORAL OBLIGATION.
   The moral obligation to pay a debt barred by the statute is a sufficient consideration for a new promise to pay it.

4. MORTGAGES—CONSIDERATION—COMPOUNDING FELONY.
   A mortgage executed for the purpose of preventing a prosecution of the mortgagor's son for a felony is invalid for illegality of consideration.

5. SAME.
   Such a mortgage cannot be rendered valid by showing that the son was in fact innocent, so that there was no felony to be compounded.

6. SAME—EVIDENCE.
   And the fact that the mortgagor was morally obligated to the mortgagee in the amount secured by the mortgage, and that no direct threat of arrest or express promise of immunity was made, does not conclusively answer the claim that the mortgage was given for the purpose above stated.

Appeal from Clinton; Stone, J. Submitted November 13, 1901. Decided January 7, 1902.

Bill by Solomon D. Koons and Catherine E. Koons against Justina Vauconsant to obtain the discharge of a mortgage alleged to have been given under duress. From a decree for complainants, defendant appeals. Affirmed.

*Henry E. Walbridge* and *Edwin H. Lyon,* for complainants.

*Spaulding, Norton & Dooling,* for defendant.

HOOKER, C. J. The complainants pray a decree discharging a mortgage given by them under alleged duress. Their claim is that on January 2, 1900, defendant's son and his lawyer called at the home of the complainants, and presented a note, which purported to bear the signature of their son, E. S. Koons, and his father, Solomon D. Koons, one of the complainants, which note bore date November 27, 1896. Solomon stated to them that they had made such a note in 1892, but that he had not made a second note; that his signature was not upon the note presented, nor had he ever authorized any one to sign his name to it. It is claimed that the lawyer said that their son, E. S. Koons, must have signed it, and that, unless complainants gave a mortgage upon their farm to secure defendant, their son would be arrested. Complainants requested a little time to investigate, but this was denied, and the mortgage was made. A day or two later this bill was filed. The defendant's counsel question the accuracy of this statement, but do not deny that the first note was given, being dated in 1892, in payment for an interest in a stock of goods bought by the younger Koons from one Sullivan, who was payee in that note. It is not disputed that an interview was had and the mortgage made at the time and place alleged, but it is denied that it was obtained by threats of arrest or duress of any character.

We are convinced that the $1,000 note originally given was never renewed by the complainant S. D. Koons, and that action upon it was barred by the statute of limitations before the mortgage in controversy was given. The note defendant's Exhibit A was the last of several consecutive renewals of that note, but complainant's name was written upon it by his son, without his authority. While this took the debt out of the statute as to the son, it could not have that effect upon the complainant, because he was not a party to the fraud upon the payee. He has done nothing that should estop him from pleading the statute, although his principal may have done so. *Tate* v. *Stevenson*, 55 Mich. 320 (21 N. W. 348); *Rogers* v. *Ander-*

*son*, 40 Mich. 290; *Sweet* v. *Ellis*, 109 Mich. 460 (67 N.
W. 535); *Home Life Ins. Co.* v. *Elwell*, 111 Mich. 689
(70 N. W. 334); 19 Am. & Eng. Enc. Law (2d Ed.), p.
309, and note 2; Id. (as to fraud of agent) p. 249, and
note 4; *Stevenson* v. *Robinson*, 39 Mich. 160.    Undoubt-
edly, a new promise made by the complainant would be
valid, so far as consideration is concerned, because of his
moral obligation, notwithstanding the lapse of more than
six years.    But he was under no legal obligation to renew
his note, and certainly he was under no legal duty to se-
cure it.    The moral obligation did not enter into the con-
tract.    He refused to recognize that, and denied his liabil-
ity; and the proof is convincing that he and his wife were
moved to execute the mortgage reluctantly, and through
the fear of danger to their son, and hope to prevent his
prosecution for the criminal offense of forgery.    The de-
fendant's agent and attorney called upon complainants for
the purpose of getting security.    During that interview—
it matters not how—the subject of the forgery was intro-
duced, and the complainants' fears became aroused.    De-
fendant's witnesses say they were not responsible for that,
for they made no threats of arrest nor promises of immu-
nity, and that S. D. Koons himself suggested that the
note was a forgery, and that the person who perpetrated
it ought to be prosecuted.    Counsel say that they did not
suggest that this was a forgery, for they entertained a
different theory about the note.    If this be conceded, the
fact remains that they availed themselves of the persuasive
influence of the fear of prosecution of the son felt by his
parents.    They refused to give an opportunity for the com-
plainants to investigate and ascertain the truth about the
matter, and we do not doubt that it was intended that they
should understand that the giving of security would pre-
vent prosecution, and that it was the only way that it could
be prevented.    The arrangement, then, was to all intents
and purposes an agreement to compound an alleged felony.
It may be said that they thought there was no forgery, and
perhaps there was none, and that, therefore, no felony was

really compounded; but one cannot obtain a promise upon a threat to accuse of a felony, and afterwards avoid the consequences and make the consideration legal by showing that there was no felony committed as a matter of fact. If the minds of these parties met upon the consideration, it was that there should be no prosecution for a crime which both understood defendant's representatives to assert. There is some confusion on the subject of duress, and it may be due in part to the unnecessary attempt to invalidate such contracts as this upon the ground of duress. It is evident that there are few husbands, wives, parents, or children who would not make a heavy sacrifice to avert punishment to their immediate relatives, and this is so natural that few blame them. Yet the law punishes those who compound a felony. As a consideration for an undertaking, a promise not to prosecute a felony is illegal and void. No other consideration appears here. The moral obligation would, perhaps, support a promise, if it entered into the transaction. There is not only no evidence that it did, but the clearest evidence that it did not. It is right that men should pay their debts, and not culpable for creditors to collect by legitimate means and methods; but making merchandise of the criminal law is not a lawful method.

We concur with the learned circuit judge in his disposal of the case.

The decree is affirmed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.