GROENING *v.* NOWLEN.

1. Deeds—Public Policy—Misappropriation of Funds—Compounding a Felony—Consideration.

Finding of trial court that deed of real estate made to employer from whom plaintiff had misappropriated funds was repugnant to public policy and void *held,* supported by record showing that the deed, executed at the police headquarters, had been given on the implied promise that plaintiff would not be prosecuted criminally, since the deed and accompanying agreement involved the compounding of a felony, plaintiff having been released from custody following execution of the instruments.

2. Contracts—Illegal Consideration.

A contractual obligation, or a conveyance, based on a promise, expressed or implied, to refrain from instituting or pressing a criminal charge or to obtain the suppression thereof, is opposed to public policy and is invalid on the ground of illegality of consideration.

3. Courts—Presumptions—Modification of General Rule of Law.

It is presumed that if the opinion in a case involving a previously announced general rule of law intended a modification thereof that such intention would have been clearly expressed.

4. Appeal and Error—Questions Reviewable—Misappropriation of Funds—Contracts—Duress.

Whether or not plaintiff employee was subjected to duress in the execution of deed of real estate which he owned, executed at police headquarters after warrant had been issued for his arrest for misappropriation of defendant employer's funds, is not discussed, where the consideration for the deed was an illegal one, the implied promise not to prosecute a felony.

---

References for Points in Headnotes

[1, 4] 16 Am Jur, Deeds § 64; 12 Am Jur, Contracts §§ 151, 167–172, 191–196.

[2] 12 Am Jur, Contracts §§ 151, 167–172, 191–196.

[3] 14 Am Jur, Courts §§ 124–130.

5. EQUITY—MISAPPROPRIATION OF FUNDS—SETTING ASIDE DEED—AC-
   COUNTING.
   Decree in suit to set aside deeds given by plaintiff who had mis-
      appropriated funds from defendant grantee, wherein relief was
      afforded plaintiff by setting aside deed as void because re-
      pugnant to public policy in that consideration therefor was
      an implied promise not to prosecute a felony, and wherein
      defendant was also granted relief on cross-bill seeking an
      accounting as to amount due defendant, is affirmed under record
      presented.

Appeal from Berrien; Hadsell (Philip A.), J.
Submitted December 6, 1962. (Calendar No. 103,
Docket No. 49,697.) Decided January 11, 1963.

Bill by Otto F. Groening against Grattan L. Now-
len and Miriam Nowlen to set aside deed given and
to invalidate an agreement made in connection with
restitution of a defalcation. Cross-bill for account-
ing. Decree for plaintiff. Defendants appeal. Af-
firmed.

*George S. Keller,* for plaintiff.

*Gray, Gray & Globensky (Henry W. Gleiss,* of
counsel), for defendants.

CARR, C. J. For several years prior to June 24,
1960, plaintiff herein was employed by defendant
Grattan L. Nowlen as a bookkeeper. As such em-
ployee it appears that he appropriated to his own
use funds belonging to the employer, the amount
thereof being in dispute. Such conduct resulted in
plaintiff being requested by police officers of the city
of St. Joseph to accompany them to the municipal
jail where the situation was discussed at some
length for a period of approximately 5 hours. It
appears that in the course of the conversation plain-
tiff admitted the taking of money, but denied the

amount apparently claimed by the employer. As a result of such conversation the plaintiff executed to the defendants a deed of real estate of which he was the owner, apparently by way of security for the payment of such amounts as might be determined he had wrongfully appropriated to his own use. Following the agreement reached and the execution of the deed plaintiff was released from custody. A warrant that had been issued against him was subsequently dismissed at the direction of the prosecuting attorney of the county.

The instant suit in equity was brought by plaintiff in the circuit court of Berrien county to set aside the deed given by him to defendants on the alleged grounds that the consideration therefor involved the compounding of a felony, that said consideration was illegal, and that plaintiff had acted under duress and because of undue influence exerted against him. Defendant Grattan L. Nowlen, hereinafter referred to as the defendant, by answer denied the material allegations of the bill of complaint, alleging that the purpose of the agreement between the parties was merely to provide for the restitution of funds wrongfully taken by plaintiff.

At the time of the execution of the deed in question there was also prepared and signed by plaintiff and defendant a writing wherein plaintiff admitted the taking of funds belonging to the defendant and agreeing he would repay at once the sum of $400 and execute a warranty deed of property owned by him as security for further sums due. Said agreement further provided that plaintiff would within a period of 60 days undertake to negotiate a sale of the premises and the furnishings therein, and that in the event of his inability to do so possession would be surrendered to defendants. Proceeds from the sale of the property were to be used to discharge a mortgage on the premises, expenses incurred by

defendant in determining the extent of the wrongful taking of funds by plaintiff, and the amount required for full restitution after the payment of the $400. The agreement further provided that defendant would not press criminal charges against plaintiff for the alleged misappropriation of funds.

In connection with his answer to the bill of complaint defendant filed a cross-bill, alleging therein the wrongful conduct on the part of the plaintiff, and the execution of the written agreement and the deed claimed to have been given as security for the fulfillment thereof. Defendant asked that, in the event that the court should by its decree set aside the deed, he should be granted an accounting for the purpose of determining the amount due to him.

On the hearing before the circuit judge plaintiff and defendant testified at some length with reference to the circumstances attending the execution of the agreement and the deed. Officers of the police department of the city of St. Joseph were also witnesses in the case, explaining their connection with the transaction and detailing what had occurred thereat. Apparently a complaint had been made before a magistrate and a warrant issued charging the offense of larceny from a building. The officers then contacted plaintiff and requested that he go with them to police headquarters. It does not appear from the record before us that the warrant was actually served at that time on plaintiff, but at the insistence of the officers he accompanied them and the interview between the parties, culminating in the execution of the agreement and the deed, took place at police headquarters.

It appears from the testimony of 1 of the officers that plaintiff was told that a warrant had been issued against him, and other statements were made to him indicating that he was in serious trouble. Plaintiff finally admitted the taking of comparatively

small sums of money from his employer, denying, however, that the amount was as large as claimed by the latter. As a result of the conversation plaintiff alleged, in substance, that he was made to believe that unless he entered into an agreement for restitution satisfactory to his employer he would be prosecuted. Significant in this respect is the statement in the agreement between plaintiff and defendant that the latter agreed "not to press criminal charges against the PARTY OF THE SECOND PART for embezzling the aforesaid funds."

After listening to the proofs introduced before him the trial judge concluded that the plaintiff had executed the agreement and the deed on the implied promise that he would not be prosecuted criminally and that, in consequence, the conveyance was repugnant to public policy and therefore void. We think the conclusion was fully supported by the record. Following the execution of the agreement and deed, plaintiff was released from custody by the officers of the city police department. One of said officers subsequently called the prosecuting attorney and advised him that the parties had reached an agreement with reference to restitution and that "further prosecution was not requested or desired by the complainant on the larceny warrant." Thereupon the prosecutor directed the dismissal of the warrant previously issued.

The decree entered in circuit court set aside the deed given by plaintiff to defendants on the ground indicated by the circuit judge in his opinion. Defendants were directed to make reconveyance, and the decree provided that in the event of failure to do so a certified copy of the decree might be recorded in the office of the register of deeds of the county. The judge further concluded that the defendant and cross-plaintiff was entitled to an accounting in accordance with the prayer of his cross-bill, and di-

rected reference to a circuit court commissioner of the county to take the proofs and make due report to the court.

This Court has recognized in prior decisions that a contractual obligation, or a conveyance, based on a promise, expressed or implied, to refrain from instituting or pressing a criminal charge or to obtain the suppression thereof, is opposed to public policy and is invalid on the ground of illegality of consideration. In *Buck* v. *First National Bank of Paw Paw,* 27 Mich 293, 302, 303 (15 Am Rep 189), Justice COOLEY, writing the unanimous opinion of the Court, said:

"The highest considerations of public policy demand that the pecuniary interests of individuals should not be recognized as legitimate motives to influence the action of official persons, and that in the case of courts most especially, every avenue should be carefully guarded against the intrusion of such motives. Caution is especially required in the case of parties injured by a crime, who apply to avert or mitigate the penalty, because the court would be likely to give exceptional weight to their suggestions, and to assume that their position in relation to the case has led them to inquire fully and particularly into all the facts, and into the previous course and character of the criminal, and that as sufferers from the wrong they would not ask clemency unless strong and meritorious reasons existed for granting it.

"We are, therefore, all of opinion that the defendants below were entitled to have the jury instructed that if the signatures to the notes were obtained by assurances on the part of the officers of the bank or of any one of them, that if the parties would give the notes, the officers or any of them would sign a petition to the judge for clemency to R. M. Buck in his sentence, or that they would be more likely to do so, or that in any manner they would exercise, or be

more likely to exercise influence with the court to secure a lighter sentence, then the promise of the defendants expressed in the notes was based upon a consideration opposed to public policy, and consequently void."

It is suggested by counsel for appellant that the above case was overruled by *Wilhelm* v. *King Auto Finance Co.*, 259 Mich 463. We are not in accord with such claim. The prevailing opinion in *Wilhelm* accepted the finding of the circuit judge that the mortgage sought to be set aside was not obtained by duress. It was further found that the plaintiff who had obtained possession of notes given by herself and her husband at the time the mortgage was executed had not returned them, or tendered a return thereof, and the opinion concluded with the statement:

"Because of her failure to do equity she is denied the relief sought, and the decree entered in the circuit court is affirmed, with costs to appellees."

Had it been intended to modify the general rule asserted in *Buck* v. *First National Bank of Paw Paw* we have no doubt that such intention would have been clearly expressed.

In *Koons* v. *Vauconsant*, 129 Mich 260 (95 Am St Rep 438), the plaintiffs sought the aid of equity to invalidate a mortgage claimed to have been executed because of a threat that otherwise their son would be arrested. In determining that the plaintiffs were entitled to the relief sought, the Court indicated (p 262) that defendant's representatives had availed themselves "of the persuasive influence of the fear of prosecution of the son felt by his parents" and expressed the opinion that the arrangement made was "to all intents and purposes an agreement to compound an alleged felony." It was further said (p 263):

"There is some confusion on the subject of duress, and it may be due in part to the unnecessary attempt to invalidate such contracts as this upon the ground of duress. It is evident that there are few husbands, wives, parents, or children who would not make a heavy sacrifice to avert punishment to their immediate relatives, and this is so natural that few blame them. Yet the law punishes those who compound a felony. As a consideration for an undertaking, a promise not to prosecute a felony is illegal and void. No other consideration appears here. The moral obligation would, perhaps, support a promise, if it entered into the transaction. There is not only no evidence that it did, but the clearest evidence that it did not. It is right that men should pay their debts, and not culpable for creditors to collect by legitimate means and methods; but making merchandise of the criminal law is not a lawful method."

It is doubtless true that each case of this character must be determined on the basis of the facts established by the proofs. *Hanson* v. *Loescher,* 221 Mich 387. In the case at bar we are impressed that the circuit judge was correct in holding that on the record before him plaintiff had established that there was at least an implied promise that the criminal proceeding would be dismissed if the agreement for restitution and the deed to serve as security therefor were executed. That such was the understanding of the plaintiff is scarcely open to question. Discussion of plaintiff's claim of duress is not required.

The decree of the trial court is affirmed, with costs to appellee.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.