*In re* LEE ESTATE

DRAPER v PEERLESS INSURANCE COMPANY

Docket No. 129997. Submitted March 3, 1992, at Detroit. Decided
    April 7, 1992, at 9:20 A.M.

Harold A. Draper, who succeeded Thomas P. Smith as the personal representative of the estate of Ellen Lee, deceased, petitioned the Wayne Probate Court for a surcharge of Peerless Insurance Company under a surety bond issued to Smith. The court, Freddie G. Burton, J., dismissed the petition, ruling that it was barred by the applicable statute of limitations, MCL 600.5807(1); MSA 27A.5807(1). The petitioner appealed.

The Court of Appeals *held:*

Pursuant to MCL 600.5807(1); MSA 27A.5807(1), an action charging a surety on a bond of an executor must be brought no later than four years after the discharge of the executor. In this case, more than four years elapsed between the probate court's removal of Smith as personal representative and the filing of the petition for surcharge. For purposes of the statute of limitations, no distinctions can be drawn between the terms "discharge" and "removal," because their definitions are identical and case law indicates that they are interchangeable.

Affirmed.

LIMITATION OF ACTIONS — SURETIES — PERSONAL REPRESENTATIVES.

An action charging a surety on a bond issued to the personal representative of an estate of a decedent must be brought no later than four years after the discharge or removal of the personal representative (MCL 600.5807[1]; MSA 27A.5807[1]).

*Harold A. Draper,* for the petitioner.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *Brian R. Graves*), for the respondent.

REFERENCES

Am Jur 2d, Bonds § 37.
When statute of limitations begins to run against action on bond of personal representative. 44 ALR2d 807.

Before: NEFF, P.J., and GRIBBS and MURPHY, JJ.

PER CURIAM. Petitioner Harold A. Draper, successor personal representative of the estate of Ellen Lee, deceased, appeals as of right from an order of the Wayne Probate Court denying his petition to surcharge a surety on a bond. We affirm.

I

The facts of this case are not disputed by the parties. On September 14, 1981, Thomas P. Smith was appointed personal representative of the estate. On November 6, 1981, respondent issued a fiduciary bond for Smith in the amount of $50,000. On June 9, 1983, the probate court entered an order removing Smith as personal representative and appointing petitioner as successor personal representative. On August 25, 1983, Smith filed a final account of fiduciary, and, on October 27, 1983, he filed a supplement to the final account. Petitioner, as successor personal representative of the estate, filed objections to both accountings, but took no action on the bond or against the surety until July 1988, more than five years later, when he filed a petition to surcharge Smith and Peerless.

On May 21, 1990, the probate court entered an opinion finding that more than four years had elapsed between Smith's removal as personal representative of the estate and the initiation of the surcharge petition. The court dismissed the petition for surcharge pursuant to the four-year period of limitation contained in MCL 600.5807(1); MSA 27A.5807(1). On May 29, 1990, the probate court entered the order from which petitioner now appeals.

II

Petitioner claims that the probate court erred in finding that the petition to surcharge was barred by the statute of limitations because Smith was "removed," as opposed to "discharged," from his duties as personal representative of the estate. In our view, there is no distinction between the terms, and petitioner's claim is without merit.

MCL 600.5807(1); MSA 27A.5807(1) provides a four-year period of limitation on actions charging a surety on any bond of any executor, administrator, or guardian. The period of limitation begins to run at the time of the discharge. The statute provides in pertinent part:

> No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.
>
> (1) The period of limitations on actions charging any surety on any bond of any executor, administrator, or guardian is 4 years after the discharge of the executor, administrator, or guardian. [MCL 600.5807; MSA 27A.5807.]

Common sense dictates that, for purposes of the statute of limitations, the terms "removal" and "discharge" are interchangeable and the fact that Smith was "removed" rather than "discharged" by the probate court makes no difference in the outcome of this case.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989).

Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Dep't of Social Services v Brewer,* 180 Mich App 82, 84; 446 NW2d 593 (1989).

The first criterion in determining intent is the specific language of the statute. *People v Hawkins,* 181 Mich App 393, 396; 448 NW2d 858 (1989). The Legislature is presumed to have intended the meaning it plainly expressed. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 744; 453 NW2d 301 (1990); *Attorney General ex rel Dep't of Natural Resources v Sanilac Co Drain Comm'r,* 173 Mich App 526, 531; 434 NW2d 181 (1988). Courts may not speculate with regard to the probable intent of the Legislature beyond the words expressed in the statute. If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Nat'l Exposition Co v Detroit,* 169 Mich App 25, 29; 425 NW2d 497 (1988).

The plain and ordinary meaning of the term "discharge" in MCL 600.5807(1); MSA 27A.5807(1) is clear, and judicial construction is unnecessary. Even if reasonable minds could differ with regard to the meaning of the term "discharge" in the statute, the rules of judicial construction of statutes favor the surety's position on appeal.

If reasonable minds can differ with regard to the meaning of a statute, judicial construction is appropriate. *Brewer, supra.* The court must look to the object of the statute and the harm it is designed to remedy, and must apply a reasonable construction that best accomplishes the statute's purpose. *In re Forfeiture of $5,264,* 432 Mich 242, 248; 439 NW2d 246 (1989). In doing so, the court may consider a variety of factors and apply principles of statutory construction. *Rancour v Detroit*

*Edison Co,* 150 Mich App 276, 285; 388 NW2d 336 (1986).

Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning. MCL 8.3a; MSA 2.212(1); *People v Tracy,* 186 Mich App 171, 176; 463 NW2d 457 (1990); *Victorson v Dep't of Treasury,* 183 Mich App 318, 323; 454 NW2d 256 (1990). If the statute provides its own glossary, the terms must be applied as expressly defined. *Harder v Harder,* 176 Mich App 589, 591; 440 NW2d 53 (1989). Otherwise, a court may consult dictionary definitions. *People v Downey,* 183 Mich App 405, 409; 454 NW2d 235 (1990).

Because the term "discharge" is not defined in the statute, resort to dictionary definitions is appropriate. *The Random House College Dictionary* (Revised ed, 1984) defines "remove" as "to dismiss or force from position or office; discharge." It defines "discharge" as "to remove or send forth," "to relieve of obligation, responsibility, etc.," and "to deprive of office, employment, etc.; dismiss from service." Accordingly, dictionary definitions support our opinion that the two terms are interchangeable.

Case law also supports our view that Smith was "discharged" under the statute at the time he was removed or terminated as personal representative of the estate.

In *In re Farris Estate,* 160 Mich App 14; 408 NW2d 92 (1987), a panel of this Court applied MCL 600.5807(1); MSA 27A.5807(1) in a case involving a guardian. The *Farris* Court applied the four-year period of limitation in affirming the probate court's denial of the petition to surcharge a surety on the guardian's bond. The Court found that the guardianship had been "terminated" more than four years before the filing of the

petition and therefore the petitioner was barred by the language of MCL 600.5807(1); MSA 27A.5807(1) from maintaining the action.

The surety in this case relies on very early Michigan Supreme Court cases in arguing that the probate court's decision should be affirmed. *Perkins v Cheney,* 114 Mich 567; 72 NW 595 (1897); *Ottawa Probate Judge v Stevenson,* 55 Mich 320; 21 NW 348 (1884). The surety presents these cases to this Court as binding precedent. While they are certainly persuasive, we cannot conclude that they are binding because they predate MCL 600.5807(1); MSA 27A.5807(1) and because we could find no history, and the surety has provided none, that indicates that the statutes discussed in *Perkins* and *Stevenson* were predecessors of the statute at issue here.

The issue in *Stevenson* was whether an action against a surety on a guardian's bond was barred by the statute of limitations. *Stevenson, supra,* p 321. The statute at issue in that case barred actions against sureties unless brought within four years of the time when the guardian was discharged. *Id.* The Court in *Stevenson* stated:

> The question then arises,—what is meant by the discharge of a guardian? It is claimed by the defense that it means the termination of his official character. For the plaintiff it is claimed that it means his discharge by final settlement.
>
>         \*   \*   \*
>
> The discharge cannot very well have more than one of two meanings. It must mean either the end of the guardianship office, or the discharge from liability. It cannot mean the latter, because that would preclude any occasion for resort to the bond. The object of the statute was, evidently, to make a uniform rule of limitation; and it is long enough to prevent injustice in most cases, if not universally.

This construction has been adopted in Massachusetts under the same statutory provision, which seems to have given the pattern of our own law. *Loring, Judge of Probate v Alline* [63 Mass (9 Cush) 68 (1851)]. In our opinion it is the purpose of this statute to require suit to be brought against the sureties within four years after the guardian ceases to be guardian from any cause (saving personal disabilities to sue,) and not four years from any other period or transaction. [*Id.,* pp 322-323.]

In our view, the above language is applicable to the situation involved here and the Court's reasoning is persuasive.

Likewise, *Perkins* involved the issue of the effect of a statute of limitations on an action on a guardian's bond. The statute in *Perkins* also provided that no action may be maintained against a surety on any bond given by a guardian unless it is commenced within four years from the time the guardian shall have been discharged. In *Perkins,* the Court stated:

The statute was borrowed from Massachusetts, and in *Loring v Alline* [63 Mass (9 Cush) 68, 70 (1851)] it was held that by the term "discharged," in this statute, is intended any mode by which the guardianship is effectually determined and brought to a close, either by the removal, resignation, or death of the guardian, the marriage of a female guardian, the arrival of a minor ward at the age of 21, or otherwise. The same construction has been given in our State. See *Cheever v Congdon,* 34 Mich 296 [1876]; *Ottawa Probate Judge v Stevenson,* 55 Mich 320 [21 NW 348 (1884)]. See, also, *Paine v Jones,* 93 Wis 70 [67 NW 31 (1896)]. [*Perkins, supra,* p 571.]

Thus, both the plain language of the statute of

limitations and our construction of it support the view that the period of limitation has run in this case.

Affirmed.