## Case No. 15,757.

### UNITED STATES v. MEEKER.

[30 Leg. Int. 344; [1] 9 Phila. 470; 6 Chi. Leg. News, 70; 18 Int. Rev. Rec. 166; 21 Pittsb. Leg. J. 37.]

District Court, D. New Jersey. Oct. 10, 1873.

PENAL BOND—LIMIT OF RECOVERY.

Action against surety on a paymaster's bond, where a penalty of bond was $20,000, and jury found verdict in favor of the government for $25.679.42. *Held*, that the plaintiff was entitled to judgment for the penalty ($20,000) of debt, and for the interest upon that sum in the nature of damages, from the commencement of the suit to the entry of the judgment. The aggregate amount, not exceeding, however, the sum awarded by the verdict.

In debt, on paymaster's bond. This was a suit against the surety of a paymaster for breach of the condition of his official bond. The penalty of the bond was twenty thousand dollars; but upon the trial, the jury found a verdict in favor of the government in the sum of twenty-five thousand six hundred and ninety-seven and forty-two one hundredths dollars. The question was raised whether the judgment upon the verdict should be for the penalty only ($20,000), or whether the plaintiff was entitled to have added to this sum, interest thereon in the nature of damages; and if so, whether the interest should commence from the date of the breach of the condition of the bond, or from the time of the demand upon the surety. THE COURT expressing doubt as to the rule in such cases, it was agreed that the entry of the judgment should be postponed until the parties in interest had opportunity to examine the question.

Mr. Keasby, U. S. Dist. Atty.
Magie & Emery, for defendant.

NIXON, District Judge. After a careful examination of the authorities, I am satisfied that the judgment in this case should be entered for $20,000 (the penalty of the bond) of debt, and for the sum of $——— for damages, being interest on the penalty from the twenty-seventh day of January. 1867, the date of the original writ. That time is fixed for the beginning of interest. because there was no proof of any previous demand upon the surety. This view, I think, is sustained by the following authorities: 2 Greenl. Ev. § 263; Long's Adm'r v. Long, 1 C. E. Green [16 N. J. Eq.] 59; U. S. v. Arnold [Case No. 14,469], affirmed by the supreme court, 9 Cranch [13 U. S.] 104; Bank of Brighton v. Smith, 12 Allen, 243; Harris v. Clap, 1 Mass. 308; Warner v. Thurlo, 15 Mass. 154; Brainard v. Jones, 18 N. Y. 35; and Lonsdale v. Church, 2 Term R. 388. The earlier and later cases are reviewed, and the whole subject discussed, in Long's Adm'r v. Long, by Chancellor Green, with his usual learning, discrimination and skill. I am aware that the courts in England have been in doubt in this matter, and that the cases of White v. Sealy, Doug. 49; Wilde v. Clarkson, 6 Term R. 303; and McClure v. Dunkin, 1 East, 436,—greatly impair, if they do not destroy, the authority of Lonsdale v. Church, supra. I have also adverted to the fact that the late Justice McLean, in Lawrence v. U. S. [Case No. 8,145], while admitting the reasonableness of the rule, that gives interest on the penalty, from the demand upon the surety, or from the breach of the condition, felt constrained by the authority of Farrar v. U. S., 5 Pet. [30 U. S.] 385, to hold that no more than the penalty could be recovered. But a closer examination of this last case, gives force to the suggestion, that what was said upon the question I am now considering, were obiter dicta, in no wise necessary for the decision of the point there under consideration. The court was reviewing exceptions to the form of the judgment —the jury having found for the plaintiff below on the breach assigned, and assessed the damages for the breach of the condition at $41,000, and the judgment that had been rendered thereon, was "quod recuperet"—the damages, not the debt. All that was needful to be said in such a case was, that in an action for debt, a judgment for damages simply, could not be cured or amended. Let the judgment be entered in accordance with this opinion.