### GLOUCESTER CITY v. ESCHBACH ET AL.

In an action upon a bond with condition annexed, if it appears that the condition has been broken and that the sum really due thereon, or the damage actually sustained by such breach, exceeds the penalty of the bond, the plaintiff may recover the penalty as a debt and damages for its detention, in the shape of interest thereon from the time the penalty ought to have been paid, but not exceeding in the whole the sum really due, or the damage actually sustained.

On motion for judgment on *postea.*

Argued at June Term, 1891, before Justices SCUDDER and MAGIE.

For the plaintiff, *Thomas E. French.*

For the defendants, *Mark R. Sooy.*

The opinion of the court was delivered by

MAGIE, J.   The question raised in this case relates to the amount for which judgment should be entered on the *postea.*

The action is in contract and the declaration is in the form of a declaration in debt.   It is founded on a bond of defendants acknowledging their indebtedness to plaintiff in the sum of $2,800, and binding them, jointly and severally, to pay the same to plaintiff.   It sets out a condition annexed to the bond and assigns a breach thereof.

The pleas were the general issue and pleas tending to contest the alleged breach of the condition.

The issues joined thereon were tried without a jury and the *postea* shows the following findings : (1) that the bond is the deed of defendants; (2) that its condition was broken as charged; and (3) an assessment of the damages of plaintiff occasioned by the detention of the debt at $825 and an assessment of the damages of plaintiff occasioned by the breach of the condition at $3,625.

The amount of $825, assessed as damages for the detention of the debt, equals the interest on the penalty of the bond for the period between the commencement of the action and the first day of the term at which the *postea* was returned.   The damages assessed on the breach of the condition, therefore, equal the penalty of the bond, with interest since the suit began.

Plaintiff moves for judgment on the *postea* for $3,625 and costs; defendants insist that it can only be entered for $2,800 and costs.

No question has been raised as to the propriety of disposing of the contention upon motion for judgment.

The question raised by this motion is, whether, in an action on a bond with a condition, judgment may be entered for a sum greater than the penalty of the bond; and, if so, under what circumstances and for how much.

This question has received variant answers in the courts of· this and other states, and it has been deemed to require careful consideration.

The true construction of the obligatory portion of defendants' contract does not admit of doubt. Defendants thereby bound themselves to pay plaintiff a specific sum on demand.

If no condition had been annexed thereto, plaintiff could recover thereon, in debt, the sum stated as upon a sealed or single bill, with interest on such sum from demand. *Scudder* v. *Morris, Pen.* *419. Such interest is recoverable as damages for the detention of the debt after it became due. In actions of debt, damages, while usually nominal, may, if essential to do justice, be substantial. *Henry* v. *Earl*, 7 *Mees. & W.* 228; *Lowe* v. *Steel*, 15 *Id.* 380; *Ash* v. *Pouppeville, L. R.*, 3 *Q. B.* 86; 1 *Saund., note* 1. For the detention of a debt due, substantial damages may be awarded and interest at the legal rate is now considered to furnish the true measure of such damages.

The condition annexed to this obligation did not extend its terms. If such a condition is performed, the obligation ceases; but if not performed, it is the obligation which binds obligors. Originally courts of law enforced such obligations when condition was broken, as if no condition had been annexed. Obligors were then compelled to seek relief in a court, of equity, if the penalty of the bond exceeded what in justice ought to be exacted under the actual contract. Later the courts of law in many such cases gave equitable relief, and the statutes 8 and 9 *Wm. III.* and 4 and 5 *Anne* established in those courts a practice which insured to obligors such relief.

The provisions of these statutes were adopted in this state in the "Act concerning obligations and to enable mutual dealers to discount," passed November 1st, 1797. *Pat. L.,*.

*p.* 254. They are substantially contained in the "Act con-cerning obligations," approved March 27th, 1874. *Rev., p.* 741.

By those provisions the sum really and in equity due on any bond containing a penalty to secure and enforce the payment of money only is declared to be the debt 'due, but in actions on such bonds judgment is to be entered for the penalty and may be discharged by the payment of the sum found to be really due, with costs, while upon bonds with conditions other than for the payment of money there may be assigned on the record of any action the breaches of condition charged, and damages shall be assessed by verdict or inquiry for such breaches as are established, whereupon judgment is to be entered for the penalty and may be satisfied by the payment of such damages and costs.

These provisions do not operate to extend the liability of obligors on such bonds beyond the limit of the obligatory part thereof. While they permit the discharge of the obligation by payment of the sum found really due or the damages actually suffered, such payment is to be enforced only by a judgment for the penalty. The necessary inference is that the judgment, which can only be enforced to that extent, can also be discharged by payment of the amount for which it is entered.

On the other hand, the directions that the judgment should be entered for the penalty of the bond were long ago construed in this court as requiring such a judgment as would be entered upon an obligation without condition—that is, for the sum named in the obligatory part of the bond, with damages and costs. *Allen* v. *Smith,* 7 *Halst.* 159.

Such damages are usually nominal. In a vast majority of cases the penalty far exceeds the real sum due or the actual damages sustained. The detention of the penalty in such cases obviously works no injury to the obligee, who, with mere nominal damages and costs, recovers all that is his due.

But there are exceptional cases, like that before us, where the sum really due or the damages sustained by breach of the

condition of such a bond exceeds the penalty. It is obvious that when such a situation occurs the penalty becomes due, to its full amount, to the obligee. If it be detained from him after it ought to have been paid, an injury has been done him, which can only be redressed by the allowance of substantial instead of nominal damages for the detention of the debt. Such damages do not arise upon any express term of the contract, but are allowed as compensation for injury resulting from its breach. Such compensation will usually be afforded by the allowance of interest as measuring such damages.

In *Tunison* v. *Cramer*, 2 *South.* \*498, a different view was expressed by Mr. Justice Southard in this court. The precise question was not, however, necessarily involved, for the judgment under review exceeded the penalty of the bond on which the suit was brought and interest thereon, and was therefore obviously excessive.

Afterwards, in *Long's Admr.* v. *Long*, 1 *C. E. Gr.* 59, a question was raised in the Court of Chancery respecting the extent of recovery which an obligee could obtain in a court of law upon such a bond, conditioned for the payment of money only. The then occupant of the Chancellor's seat had been a distinguished Chief Justice of this court, and his opinion on such a question is entitled to the greatest weight. In an exhaustive opinion Chancellor Green declared his conclusion that, upon principle and authority, the plaintiff in an action at law on such a bond might recover the penalty as a debt, and the excess of interest beyond the penalty in the shape of damages for the detention of the debt, when the sum really due exceeded the penalty.

Upon an assessment of damages on a guardian's bond in the Court of Chancery, Chancellor Runyon declared that no damages could be assessed beyond the penalty of the bond. *Wilson's Case*, 11 *Stew. Eq.* 205. Upon what ground this conclusion was reached does not appear. The bond was one other than for the payment of money. But I can perceive no difference in principle between such a bond and that considered by Chancellor Green in Long v. Long. In either case

the penalty becomes due on breach of a condition, and if there has been a detention of the penalty after it ought to have been paid, and the obligee has thereby suffered loss, I can discover no reason why such injury should not be compensated by awarding substantial damages for such detention.

In this apparent variance of opinion, it is obvious that we are at liberty to adopt the view which is most reasonable and best adapted to do justice between the contracting parties. The true rule, in my judgment, is that, upon an action on a bond with condition annexed, if it appears that the condition has been broken, and that the sum really due, or the damage actually sustained, exceeds the penalty, the plaintiff may recover the penalty as a debt and substantial damages for its detention, measured by interest thereon from the time the penalty ought to have been paid and not exceeding in the whole the sum really due or the damage actually sustained.

While the modern English decisions seem adverse to this view, the weight of American authority is decidedly in its favor. Many cases are cited in *Long* v. *Long, ubi supra,* and I will only cite such cases as have fallen under my observation, most of which have been since decided. *Ives* v. *Merchants' Bank,* 12 *How.* 159 ; *Beers* v. *Shannon,* 73 *N. Y.* 292 ; *White* v. *French,* 15 *Gray* 339 ; *Bank* v. *Allen,* 12 *Allen* 243 ; *Olmstead* v. *Olmstead,* 38 *Conn.* 309 ; *Wyman* v. *Robinson,* 73 *Me.* 384 ; *Levy* v. *Taylor,* 24 *Md.* 282 ; *Tyson* v. *Sanderson,* 45 *Ala.* 364 ; *United States* v. *Meeker,* 9 *Phila.* 470.

Where a different rule has been established strong protests have been elicited, as in the dissenting opinion of Christiancy, J., in *Fraser* v. *Little,* 13 *Mich.* 195.

The cases vary in respect to the time when interest on the penalty may be allowed to run. In some it is said that interest may be allowed from the time of the breach of condition ; in others, only from the time of demand.

It is unnecessary to determine in this case more than that such interest may run from the time of demand ; for the damages allowable are for a detention of the penalty from the time it ought to have been paid. There may be an inference

that it ought to have been paid on demand, and the commencement of the suit is a legal demand.

Applying these conclusions, I think that judgment in this case ought to be entered for $2,800 debt and $825 damages.