PAINE and others, Appellants, vs. JONES, Executor, Respondent.

*March 28 — April 14, 1896.*

*Guardianship: When guardian is "discharged:" Action against sureties on bond: Limitation.*

A guardian is discharged, within the meaning of sec. 3968, R. S. (providing that an action against the sureties on his bond must be commenced "within four years from the time when the guardian shall have been discharged"), when the guardianship terminates; and this occurs when a minor ward attains his majority, even though the trust relation in respect to the property still continues. *Stinson v. Leary*, 69 Wis. 269, distinguished and limited.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This was an action brought against the sureties on a guardian's bond, for breach of the conditions thereof, in that the

Paine and others vs. Jones.

guardian failed to pay over the amount found due from him on the settlement of his final account. The youngest child arrived at his majority on the 29th day of June, 1885. The guardian, without fault on the part of the *cestuis que trustent*, did not settle his accounts, either with them or with the proper court, until October 4, 1894. This action was thereafter commenced by appellants. The complaint sets forth facts sufficient to constitute a cause of action, unless the bar of the statute (sec. 3968, R. S.) applies. A demurrer was interposed to the complaint on the ground, among others, that the action was not commenced within the time limited by law, on which ground the demurrer was sustained, and plaintiffs appealed. [After the appeal was taken the defendant, Simeon Mills, died and the executor of his will was substituted as defendant.]

For the appellants there was a brief by *Erdall & Swansen*, and oral argument by *John L. Erdall* and *Sam. T. Swansen*. They contended, *inter alia*, that the trust relation existing between a guardian and ward is not determined by the ward coming of age. *Taylor v. Hill*, 86 Wis. 99, 106. The coming of age on the part of the ward does not relieve the guardian of his duty as trustee to manage and invest the funds of his ward, but that duty continues so long as the trust relationship continues. *Taylor v. Hill*, 87 Wis. 669, 671; *Olsen v. Thompson*, 77 id. 666; *Mellish v. Mellish*, 1 Simons & S. 138; *Pyatt v. Pyatt*, 46 N. J. Eq. 285; *Morgan v. Morgan*, 1 Atk. Ch. 489; *Thomas v. Thomas*, 2 Kay & Johns. 79; *Yallop v. Holworthy*, 1 Cas. in Eq. Abr. 7, par. 10. The guardianship does not terminate and the guardian is not discharged until he has settled his accounts either with the court or with the ward. *Stinson v. Leary*, 69 Wis. 269; *Hudson v. Bishop*, 32 Fed. Rep. 519; *Probate Court v. Child*, 51 Vt. 82; *Mathew v. Brise*, 14 Beav. 345; *Motes v. Madden*, 14 S. C. 488; *Nunnery v. Day*, 64 Miss. 457; *Marlow v. Lacy*, 68 Tex. 154. Even if the question

were still open in this state, this court could not consistently follow the Massachusetts and Michigan cases, because in those states it has been held that the guardianship is effectually determined and brought to a close when the ward comes of age, that the trust then ends, and that the guardian has no further duty with reference to the care and management of the ward's estate, but becomes either simply the debtor of the ward or the custodian of his property. *Probate Judge v. Stevenson*, 55 Mich. 322; *McKim v. Mann*, 141 Mass. 507. It follows, too, logically and necessarily, from the view taken by the Michigan and Massachusetts courts, that the statute of limitations begins to run in favor of the guardian when the ward comes of age, and that thereafter laches on the part of the ward to commence proceedings against his guardian bars recovery. And so it has been held by the courts which agree with the Michigan and Massachusetts courts. *Lambert v. Billheimer*, 125 Ind. 519; *State v. Henderson*, 54 Md. 332, 354; *Coleman v. Willi*, 46 Mo. 236.

For the respondent there was a brief by *Olin & Butler*, and oral argument by *John M. Olin* and *H. L. Butler*. They argued that the word "discharged," as used in sec. 3968, R. S., refers to the time when the guardian is relieved of his *office*. This occurs when the relation of guardian and ward for any reason terminates, as by the death of the guardian or ward or by the arrival of the ward at the age of twenty-one years. Secs. 3964, 3966, R. S.; Field, Guardianship, § 136. After the ward reaches twenty-one years of age, the guardian is relieved from any duty or obligation to invest or manage the property of the ward. Schouler, Dom. Rel. 423; *Overton v. Beavers*, 19 Ark. 623, 70 Am. Dec. 610; *Cheever v. Congdon*, 34 Mich. 297; *People v. Seelye*, 146 Ill. 189; *Jones v. Ward*, 10 Yerg. 160; *Sommers v. Boyd*, 48 Ohio St. 648; *Hutton v. Williams*, 60 Ala. 107. It may be that a trust relationship still continues between the parties, but there is no active duty of investment or management. It may be,

also, that the guardian is liable for interest upon the funds in his hands; but this is because of his duty to turn over the property to the ward as soon as he arrives at majority, and of course this obligation to pay interest continues after the settlement of the accounts if the funds are not at once paid over. *Fridge v. State*, 3 Gill & J. 103, 20 Am. Dec. 463, 469; *Micou v. Lamar*, 7 Fed. Rep. 180, 187; *Jones v. Ward*, 10 Yerg. 160, 168, 171. In Massachusetts and in Michigan, whence our statute is derived, the construction here contended for has been expressly adopted. *Loring v. Alline*, 9 Cush. 68; *McKim v. Mann*, 141 Mass. 507; *Probate Judge v. Stevenson*, 55 Mich. 320. See, also, *Hudson v. Bishop*, 32 Fed. Rep. 519; *Reed v. Ring*, 93 Cal. 96; *Seward v. Didier*, 16 Neb. 58, 64. The courts of Massachusetts and Michigan recognize no inconsistency in the position that the statute in question should be construed as applying to the time when the ward arrives at the age of twenty-one years and the guardian is thus relieved of his office, and the position that when the ward comes of age the guardian is not simply the debtor of the ward, but is a trustee, chargeable with interest upon the funds of the ward, bound to render and settle his accounts, and against whom no cause of action lies or accrues until after his accounts have been settled. *McKim v. Mann*, 141 Mass. 507; *McLane v. Curran*, 133 id. 532; *Murray v. Wood*, 144 id. 195; *Cobb v. Kempton*, 154 id. 266; *Tudhope v. Potts*, 91 Mich. 490; *Jacobia v. Terry*, 92 id. 275.

Marshall, J. The sole question involved here is, What is the meaning of the term "discharged," as used in sec. 3968, R. S., which provides that "no action shall be maintained against the sureties on any bond given by any guardian unless it be commenced within four years from the time the guardian shall have been discharged"? As applied to the facts of this case, it is contended on the part of the appel-

lants that the guardian is not discharged, within the meaning of the statute, till his final account is settled with the proper court; while, on the part of the respondent, it is claimed that the guardian is discharged when the ward arrives at the age of twenty-one years. Similar statutes exist in Michigan, Massachusetts, Mississippi, Texas, Vermont, and other states; and, as clearly shown in the briefs of counsel, there is a conflict of decisions on the subject here presented.

The statute seems to have originated, or been first adopted in this country, in the state of Massachusetts, where it is first found in the Revised Statutes of 1836 (ch. 79, sec. 26), since which time, without material change, it has continued a part of the law of that state. Michigan adopted substantially the same statute from Massachusetts. *Campau v. Gillett*, 1 Mich. 416; R. S. 1838, pt. 2, tit. 7, ch. 5, sec. 25. And without material change it has since continued to be the law of that state. It was adopted by this state from Michigan in 1849, and became sec. 30, ch. 80, of the first Revised Statutes, and from that time on to the present, with some slight changes (not affecting, however, the question here involved), it has continued to be the law, and is now a part of sec. 3968, R. S. This is, in brief, the history of the statute under consideration. Neither in Massachusetts nor Michigan, prior to its adoption here, had the particular language under consideration received judicial construction by the courts of those states. Therefore this court is not bound to follow any subsequent interpretation there given, but may adopt such interpretation as seems to be most in harmony with the legislative intent. *Rowan v. State*, 30 Wis. 129; *Hogan v. State*, 36 Wis. 226. Nevertheless, the determination of the question by the highest judicial tribunals of Massachusetts and Michigan, adhered to for a long term of years, under the circumstances, should be followed, unless it clearly appears that some other in-

terpretation of the statute is more consistent with reason and will better effectuate the intent of the lawgivers.

In *Loring v. Alline*, 9 Cush. 68, the supreme court of Massachusetts had this subject under consideration for the first time. To be sure, the real question then was whether the death of the guardian operates as a discharge, within the meaning of the statute, so as to set the period of limitation running; but it necessarily involved a judicial determination of the meaning of the word "discharged," as used in the statute, and the conclusion was reached that such term is synonymous with "termination of the guardianship." SHAW, C. J., delivering the opinion of the court, said: "The court are of the opinion that by the term 'discharge,' in this statute, is intended any mode by which the guardianship is effectually terminated and brought to a close, either by the removal, resignation, or death of the guardian, marriage of a female guardian, or *arrival of the minor ward to the age of twenty-one, or otherwise.*" To the same effect is *McKim v. Mann*, 141 Mass. 508, where ALLEN, J., speaking of the legislative intent, said, in effect, that it was not the policy of the legislature to keep the sureties on the guardian's bond liable for an indefinite length of time; the language of the statute is explicit; the period of limitation dates from the time of the discharge of the guardian,— i. e. the termination of the guardianship by death of the ward, his arrival at the age of twenty-one, or otherwise,— and if no right of action accrues within the statutory period of four years from such discharge, for the want of the necessary preliminary steps, that is the fault or misfortune of those interested in the estate. In *Probate Judge v. Stevenson*, 55 Mich. 320, the above interpretation was followed. The question arose on a different state of facts than in the instant case, but that is not material, as the meaning of the word "discharged" was what the court was called upon to determine, not as applied to any given state of facts, but generally

Paine and others vs. Jones.

as used in the statute. CAMPBELL, J., stated the question before the court thus: "The question . . . arises, what is meant by the discharge of the guardian? It is claimed by the defense that it means the termination of his official character. For the plaintiff it is claimed that it means his discharge by a final judgment." Further, the court said, in effect, that the term means termination of the office; it cannot mean discharge from liability, for there would be then no excuse to resort to the bond; therefore it must mean end of the guardianship office. To the same effect is *Hudson v. Bishop*, 32 Fed. Rep. 519, where the statute of this state was under consideration so far as necessary to the decision of that case. The guardian had died. Held, that such event operated as a discharge, within the meaning of the statute. Taking the term "discharged" as synonymous with "termination of the guardianship," as held in *Loring v. Alline*, 9 Cush. 68, the construction given to the statutes of California and Nebraska is in harmony with the decisions of Massachusetts and Michigan. *Reed v. Ring*, 93 Cal. 96; *Seward v. Didier*, 16 Neb. 58.

It is unnecessary to review the decisions of other states, cited in the briefs of counsel, in conflict with those above referred to. It is sufficient to say that the conflict is irreconcilable, in our judgment. The interpretation of the statute adopted by the courts of Massachusetts and Michigan, and, in effect, California and Nebraska, is supported by the better reasoning and more clearly effectuates the legislative intent. To say the term "discharged" is synonymous with "settlement of the guardian's account with the proper court, or with the ward," would seem to do violence to the language used. With due deference to courts that have otherwise held, this appears to be quite clear. We are unable to see wherein a mere settlement of the guardian's account, without actual compliance with the order of the court, operates as a discharge, in any sense. To say that it means discharge by

termination of the official character not only appears to be consistent with the plain meaning of the term, but to effectuate the real purpose of the statute, which plainly is to fix a time certain, for the benefit of the sureties, so that they may know definitely when their obligations as sureties will terminate. Such being the obvious purpose of the statute, a construction should not be adopted that will involve the question of such termination of liability in unnecessary uncertainty, by making it depend upon the time of the settlement of the guardianship account. Four years after the termination of the office is a reasonable period, and is the period limited by the contract of the sureties, by force of the statute; and if a *cestui que trust* does not, by reason of negligence or other cause, protect himself by action within that period, the loss must rest on him. Such negligence or other cause cannot operate to vary the contract contained in the bond.

Counsel for appellants confidently cite *Stinson v. Leary*, 69 Wis. 269, as decisive of this appeal in their favor. Some references to the language of Mr. Justice Orton in that case ought obviously to be made, to avoid the appearance of a conflict of decisions in respect to the meaning of the term under consideration. The question there involved was whether, under sec. 4032, R. S., which provides that a guardian need not give an undertaking in case of an appeal, he is required to give an undertaking on appeal from an order settling his final account after the minor ward arrives at the age of twenty-one years. The real question involved was whether, on the facts of that case, the appellant was still guardian, in the sense of being trustee of the estate, so that such estate still stood as security for obligations lawfully incurred in good faith as such trustee. Such statute exempts any trustee from giving an undertaking on appeal from a county court; it is general; the words of the statute being, "administrators, executors, guardians or other

trustees." While the office of guardian, strictly so called, terminates when the minor ward arrives at majority, yet he remains trustee of the estate, nevertheless, and responsible as such, till he has fully settled this account and been discharged; and it was in that sense only that the language relied upon by counsel was used in *Stinson v. Leary*. The meaning of the term "discharged," as used in the statute limiting the liability of sureties on guardians' bonds, or otherwise, was not under consideration, therefore not decided. This is an apt illustration of the importance of the rule stated by MARSHALL, C. J., in *Ogden v. Saunders*, 12 Wheat. 213, and often cited with approval by this court: "It is a general rule that the positive authority of a decision is co-extensive only with the facts on which it is made."

It follows that we hold that the term "discharged," as used in sec. 3968, R. S., is synonymous with "termination of the guardianship," — not of the relation of trustee and *cestui que trust*, but of the office, of the right to be guardian, — and that such termination occurs in the event of the death of the guardian, the arrival of the minor ward at the age of twenty-one years, or by any other event by which the office of guardian, strictly so called, is brought to a close, though the trust relation in respect to the property may still continue up to the time of the settlement and discharge in respect to such relation.

*By the Court.*— The order of the circuit court appealed from is affirmed, and the cause remanded for further proceedings according to law.