,WESCOTT, County Judge, Appellant, vs. UPHAM, imp., Respondent.

*February 27—March 20, 1906.*

*Guardian and ward: Discharge of guardian by majority of ward: Limitation of actions: Liability of sureties on guardian's bond: Statutes: Construction: "Under any legal disability to sue:" Appeal from county court: Stay of proceedings.*

1. Under sec. 3968, Stats. 1898 (providing, among other things, that no action shall be maintained against the sureties on any bond given by a guardian unless commenced within four years from the time when the guardian shall have been discharged), the guardian is discharged, within the meaning of the statute, when the ward attains his majority, and the fact that the same person

is also guardian of other minors, although appointed such by the same order, and the performance of his duties secured by the same bond, is no obstacle to such discharge.

2. Sec. 3968, Stats. 1898, is peculiar in that it adopts, as a date for the commencement of the limitation period, the discharge of the guardian and fixes an arbitrary term of four years thereafter; and hence, while it may be a preliminary to any right to sue on a guardian's bond that an accounting must be had in the county court and the breach of the bond established, such full accrual of the cause of action is not necessary before the limitation commences to run.

3. Whether, in view of the possibility that a hearing upon a guardian's account may be protracted, against the control of the minor, to or beyond the period of the limitation provided in sec. 3968, Stats. 1898, there ought to be some exception made so as to assure adequate opportunity to sue thereafter, is a question for the legislature, but in its absence it cannot be construed into the statute by the court.

4. The provisions of sec. 3968, Stats. 1898 (requiring actions against sureties on a guardian's bond to be commenced within four years from the time when the guardian shall have been discharged), apply to bonds given under sec. 4004, on sale of the ward's real estate, since the words of sec. 3968, "on any bond given by a guardian," are too plain to permit of construction other than according to their literal effect.

5. Where the operation of sec. 3968, Stats. 1898, allowed a ward only thirty-four days after the termination of the accounting proceedings in which to bring actions against the sureties on the guardian's bond, no question of the reasonableness of the statute is presented by a record showing that the ward had allowed substantially one half of the statutory four years to elapse before instituting the proceedings for the settlement of the guardian's account.

6. Under sec. 3968, Stats. 1898 (providing that no action shall be maintained against the sureties on any bond given by a guardian unless it be commenced within four years from the time when the guardian shall have been discharged; and that if, at the time of such discharge, the person entitled to bring such action shall be *under any legal disability to sue*, the action may be commenced at any time within four years after such disability shall be removed), the want of legal capacity to sue refers to some characteristic of the person disqualifying him in some degree from acting freely for the protection of his rights, not to an impediment to the maintenance of the particular cause of action.

7. Under sec. 3968, Stats. 1898, the settlement of a guardian's accounts before action against the sureties is not a disability attributable to any personal peculiarity of the ward; it is an obstacle to the maintenance of the action applicable to all persons alike, and does not extend to mere incompleteness of the cause of action.

8. Under the provisions of sec. 4036, Stats. 1898 (that upon appeal from the county court "all further proceedings in pursuance of the act appealed from shall cease"), an appeal to the circuit court from an order of the county court settling the account of a guardian and fixing the amount due the ward does not serve to stay the institution of suit in the circuit court on the bond, but merely further proceedings in the county court in pursuance of the order appealed from.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

The defendant Semple, being general guardian of Louise Semple and Anna Semple, minors, in 1892 obtained license to sell certain real estate belonging to his wards in common, and gave a joint and several bond, with George W. Gibbs and *Charles M. Upham* as sureties, in compliance with sec. 4004, Stats. 1898, whereupon sale was made. Louise Semple, now Zoerb, became of age February 8, 1895; Anna Semple, not until after September 14, 1895. On January 8, 1897, Louise Semple petitioned the county court for an accounting by the guardian, whereupon said guardian stated an account as to both wards, upon which a hearing was had settling said guardian's account, from which he appealed to the circuit court, where it was heard at the December, 1897, term, and judgment entered January 4, 1899, settling said account and adjudging $24,715 due, which included $4,568.53 as the proceeds of the lands sold, with interest to the date of said settlement; the court finding that said guardian never invested any of such proceeds, but kept the same for his own personal use. On September 12, 1899, an order was entered by the county court permitting Louise Zoerb and Anna Semple to sue upon the bond in question, and this action was commenced September 14th on behalf of the two wards jointly against Semple,

the guardian, and *Charles M. Upham,* the other surety being dead. *Upham* interposed answer setting up the fact that more than four years had elapsed intermediate Louise Zoerb's majority and the commencement of the action, and claiming bar of any action by or for her by force of sec. 3968, Stats. 1898. The court found a breach of the bond with the amount of the liability thereon and entered judgment in favor of Anna Semple, but dismissed the complaint as to Louise Zoerb, on the ground that her action was barred by the statute of limitations. From that judgment Louise Zoerb appeals.

For the appellant there was a brief by *Sloan & Cannon,* and oral argument by *H. C. Sloan.*

For the respondent there was a brief by *M. J. Wallrich,* attorney, and *Wallrich, Dillett & Larson,* of counsel, and oral argument by *C. F. Dillett.*

Dodge, J. The sole question presented is whether this action, not commenced until more than four years after plaintiff reached her majority, is barred by the provisions of sec. 3968, Stats. 1898, providing:

"No action shall be maintained against the sureties on any bond given by a guardian unless it be commenced within four years from the time when the guardian shall have been discharged."

The guardian is discharged, within the meaning of this statute, when the ward attains his majority. *Paine v. Jones,* 93 Wis. 70, 67 N. W. 31. The fact that the same person is also guardian of other minors, although appointed such by the same order and the performance of his duties secured by the same bond, is no obstacle to this conclusion. Obviously, when a minor attains his majority, his former guardian is no longer such. *Probate Judge v. Stevenson,* 55 Mich. 320, 21 N. W. 348.

Numerous grounds are urged to avert the bar resulting from the express words of this statute. For example, it is as-

serted that, as a preliminary to any right to sue on the bond, an accounting must be held in the county court and the breach of the bond established; hence it is argued that no cause of action accrues prior to such settlement, and there are cited to us many cases applicable to other statutes of limitation insisting upon full accrual of the cause of action before they commence to run.    But these decisions are all under statutes which bar the action in a certain time after the cause of action accrues.    The statute before us is peculiar in that it adopts, as a date for the commencement of the limitation period, the discharge of the guardian and fixes an arbitrary term of four years thereafter, so that authorities of this class are not applicable.    Whether, in view of the possibility that a hearing upon the guardian's account essential to the establishment of complete cause of action on his bond may be protracted, against the control of the minor, to or beyond the period of that limitation, there ought not to be some exception made so as to assure adequate opportunity to sue thereafter, is a question for the legislature, and unless such exception can be found in the statute it cannot be imported by the court.

It is urged that sec. 3968, Stats. 1898, being in the chapter (170) regulating the general conduct of the guardianship, and in which there is provision only for the giving of the general guardian's bond, has no application to the bond in suit, which was given in a special real-estate sale proceeding under the ensuing ch. 171, Stats. 1898.    This position is untenable, for the statute by its terms limits action "on any bond given by a guardian."    These words are too plain to permit construction other than according to their literal effect.

It is argued that the limitation as applied in this case would be so unreasonable as to be unconstitutional, for that it allowed the plaintiff only thirty-four days after the termination of the accounting proceedings in which to bring her suit.    We shall not deem it necessary to decide whether a limitation of thirty-four days after opportunity to sue arose could

be held unconstitutional as applied to a contract and right of action arising after the statute went into effect. No such question is presented here, for the statute allowed four years, of which substantially one half was allowed by plaintiff to elapse before instituting proceedings for the settlement of the guardian's account.

One of the most earnest, and perhaps plausible, of appellant's contentions is that during the period of accounting and until the settlement of the guardian's account plaintiff was, within the words of the statute, "under (any) legal disability to sue;" so that she had four years after the termination of that accounting in which to bring her action. Conceding, without deciding, that she was unable to sue during that period, was it a "disability to sue" within the meaning of the section? That phrase is one of somewhat frequent occurrence in the Statutes, and has attained generally, if not universally, the meaning of a personal disability to maintain suit, as distinguished from a mere obstacle to the commencement of a particular action. Thus we find general statutes of limitation (ch. 177, Stats. 1898) making allowance to "persons under disability" in sec. 4233; but, obviously, that is not intended to apply to such lack of opportunity to sue as presented in this case, for by other sections such a mere lack of opportunity is provided for. Thus, inability to sue by reason of incompleteness or nonaccrual of the cause of action is provided for by sec. 4249, Stats. 1898; inability by reason of injunctional or statutory prohibition is provided for by sec. 4236, Stats. 1898; inability by reason of the absence of the defendant from the state is protected by sec. 4231, Stats. 1898. The same expression, "under legal disability to sue," is also found in sec. 3918, Stats. 1898, where it is so coupled with minority as to fully indicate a legislative understanding that it is used in the sense of a disability similar to minority. We deem it clear that want of legal capacity to sue, as used in this and other statutes of limitation, refers to some

characteristic of the person disqualifying him in some degree from acting freely for the protection of his rights, not to an impediment to the suability of the particular cause of action. 5 Words & Phrases, 4060; *Berkin v. Marsh,* 18 Mont. 152, 44 Pac. 528; *Meeks v. Vassault,* 3 Sawy. 206, Fed. Cas. No. 9,393; *Wiesner v. Zaun,* 39 Wis. 188; *McKenney v. Minahan,* 119 Wis. 651, 656, 97 N. W. 489. Obviously, necessity for settlement of a guardian's accounts before action against the sureties is not a disability attributable to any personal peculiarity of plaintiff; it is an obstacle to the maintenance of the action applicable to all persons alike. We are satisfied that we should do violence to the entirely well-established meaning of the statutory phrase used should we extend it to mere incompleteness of the cause of action.

Contention is made that by sec. 4036, Stats. 1898, providing that upon appeal from the county court "all further proceedings in pursuance of the act appealed from shall cease," etc., the bringing of the present action was stayed by statutory prohibition pending such appeal, so that such time should be deducted by virtue of sec. 4236, Stats. 1898. The premise is, however, contradicted by *Richter v. Leiby,* 99 Wis. 512, 75 N. W. 82. The appeal from the order of county court did not serve to stay the institution of suit in circuit court on the bond, but merely further proceedings in the county court in pursuance of the order appealed.

Thus we are unable to find any fact to exempt either this action or this plaintiff from the peremptory inhibition of the statute quoted, and must approve the decision of the trial court denying any recovery in favor of the appellant against the surety.

*By the Court.*—Judgment affirmed.