REW, Respondent, vs. MARSHEK, Defendant: AMERICAN
SURETY COMPANY, Appellant.

*March 11—April 7, 1942.*

For the appellant there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *Edward M. Duquaine.*

For the respondent there was a brief by *Olen & Madler* of Clintonville, and oral argument by *Otto L. Olen.*

ROSENBERRY, C. J.   The demurrer to the complaint was on the ground that it appears from the allegations of the complaint the action was begun more than four years after the discharge of the guardian.   The statute relied upon is sec. 321.02 (3).   This statute so far as here material formerly read:

"Every bond given by a guardian shall be filed and recorded in the office of the county court requiring the same, and in case of any breach of the condition thereof may be prosecuted in the name of the ward for the use and benefit of such ward or of any person interested in the estate whenever the county court shall direct; and the proceedings in such action may be as provided in respect to actions on the bonds of executors and administrators.   No action shall be maintained against the sureties on any bond given by a guardian unless it be commenced within four years from the time when the guardian shall have been discharged."   Sec. 3968, Stats. 1911.

By ch. 202, Laws of 1913, the statute was amended by adding following the words "shall have been discharged:"

"Provided, that in case an accounting is had the time within which said action may be commenced shall not terminate *in any event* until one year after the final determination of such accounting proceedings."

Prior to the adoption of this amendment the court had ruled in *Paine v. Jones* (1896), 93 Wis. 70, 67 N. W. 31, that the discharge contemplated by the statute occurred on the minor's attaining the age of twenty-one, without any action of the court adjudicating his discharge.   This holding was reiterated in *Wescott v. Upham* (1906), 127 Wis. 590, 107 N. W. 2. The complaint shows that Frank Marshek was appointed

guardian of Fay Marshek, a minor, now Rew by marriage, in 1923; that the ward became of age in 1935; that the defendant American Surety Company was the guardian's bondsman; that the guardian died in February, 1941, and his estate is insolvent; that the surety was paid premiums on the bond annually up to "the time of the depression;" that the guardian never filed any annual accounts as required by statute; that he received $800 belonging to the ward in 1923; that he was cited and required to render an account by order of the county court in August, 1940; that an accounting was then had and it was adjudged that he used the $800 in his own private business and never paid any part thereof to the ward, and had no funds or property with which to make payment, and that the court then ordered suit to be brought against the guardian. Judgment is demanded against the bondsman for $800 and interest thereon since the receipt of the fund by the guardian.

It is the claim of the defendant that the *Paine v. Jones Case, supra,* has never been overruled and is still the law, and that the statute stated has run against suit on the bond. The respondent claims that the amendment of 1913, above stated, which was in force when the guardian was appointed, postpones the commencement of the running of the statute to one year after the final determination of the accounting proceedings ordered and had by the county court in the instant case.

While the appellant argues that the amendment was apparently adopted merely to cover the situation disclosed in the *Wescott Case, supra,* the construction of the section as amended does not depend upon the soundness of that proposition. On the other hand the contention made on behalf of the plaintiff, that by the amendment of 1913 the statute does not commence to run until the guardian had been required to account, cannot be sustained. That would in effect do away with the statute as one of limitation. Under that construction, whether the limitation applied would depend upon

whether the ward sought an accounting. It is considered that that was not the purpose of the amendment. In view of the situation in the *Wescott Case,* it was plain that in some instances the ward might be deprived of the benefit of the bond by reason of the fact that the accounting proceeding had been protracted or delayed without any fault on the part of the ward. The evident purpose of the statute was to remedy that situation. Some importance is attached to the use of the words "in any event." While the words "in any event" were in the 1913 enactment, they were dropped out by the revisor. We think it is quite true that the omission of these words in no way changed the effect of the statute. No special significance attaches to the use of those words in ch. 202, Laws of 1913. The section as amended is plain and unambiguous and limits the time within which an action on the guardian's bond may be begun 'to four years after the ward reaches the age of twenty-one years, except that in cases where an accounting is pending when that time arrives, the time is extended as provided in the amendment. The amendment by its terms does not apply in cases where no accounting proceeding has been begun. To hold otherwise is to amend the statute by construction.

It appearing that this action was not begun until more than four years after the ward arrived at the age of twenty-one years, and that no accounting proceeding was then pending, the action is barred by the statute and the trial court should have sustained the demurrer on that ground.

*By the Court.*—The order appealed from is reversed, and cause remanded to the trial court to dismiss the complaint.

FOWLER, J. (*dissenting*). The clause of sec. 321.02 (3), Stats., that postpones the running of the four-year period of limitation of commencement of the action on the bond of a guardian of a minor reads: "Provided, that in case an accounting is had the time within which said action [on

the bond] may be commenced shall not terminate *in any event* until one year after the final determination of such accounting proceedings." The opinion states the contention of respondent to be "that the amendment of 1913, above stated [the clause above quoted] which was in force when the guardian was appointed, postpones the commencement of the running of the statute to one year after the final determination of the accounting proceedings ordered and had by the county court in the instant case." To me it seems obvious that that contention should be upheld. The amending statute plainly so says. No other constructions give or permit any meaning whatever to the phrase "in any event." That phrase is all inclusive. It is a part of the statute. It gives to the statute a definite and clear meaning. The court's opinion says : "No special significance attaches to the use of" the words "in any event." To me it seems plain that they not only have significance but they have controlling significance. By giving them no significance the court in effect enacts a statute reading : "Provided that in case an accounting proceeding is commenced by the ward before the ward reaches the age of twenty-one years the time within which an action may be commenced shall not terminate until one year after the termination of such accounting proceeding." It is obvious the legislature did not enact such a statute. If they so meant they presumably would have so said instead of saying what in plain language they did say. There is nothing in the history of the statute or the time of its enactment to indicate that by it the legislature did not mean what and only what they said.

The opinion of the court states that to give the amendment the meaning contended for by the respondent would deprive the statute of meaning as a statute of limitation. To me it seems plain that this is erroneous. Manifestly it leaves the statute in effect as a statute of limitations but postpones the commencement of the running of it. The four-year limitation begins to run at termination of the accounting proceeding, if

one is had, instead of at the ward's becoming twenty-one years of age.

For the reasons above stated I think that the order of the circuit court should be affirmed. I am authorized to state that Mr. Justice FRITZ concurs in this dissent.