ESTATE OF BOCHER: KUESCHEL and another, Appellants, vs. ESTATE OF BOCHER, Respondent.

DILLETT, County Judge, Respondent, vs. ROLLMANN, Appellant.

*May 20—June 22, 1946.*

For the appellants in the Bocher case and the respondent in the Rollmann case, there were briefs by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein*.

For the respondent in the Bocher case and the appellant in the Rollmann case, there was a brief by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter*.

FOWLER, J. There is before us an appeal from a judgment of the county court of Shawano county dismissing a proceeding against the estate of Herman Bocher, deceased, a bondsman of a guardian of minors, to recover on a judgment rendered against the guardian in proceedings to settle her account as guardian. J. L. Rollmann was on the bond with Bocher as security. A separate case was brought against him in the circuit court to recover on the judgment against the guardian, and recovery was allowed against him. He appealed from that judgment. It was stipulated on the argument of the Bocher case that the Rollmann case be submitted for decision with that against the estate of Bocher.

Two questions were raised in the Bocher case: (1) Was the claim against the estate barred by the four-year limitation provision of sec. 321.02 (3), Stats.? (2) Was the claim barred by the statutes governing allowance of contingent claims against estates?

The county court decided that sec. 321.02 (3), Stats., barred the claim against the estate and disallowed the claim. The circuit court decided that that statute did not bar action against Rollmann and granted recovery against him.

In *Paine v. Jones* (1896), 93 Wis. 70, 67 N. W. 31, it was held that a guardian of a minor is discharged *ipso facto* when the minor becomes twenty-one years of age. This rule is confirmed in *Dudley v. Rice,* 119 Wis. 97, 104, 95 N. W. 936, and *Wescott v. Upham,* 127 Wis. 590, 107 N. W. 2. This rule is of such long standing and has been so long acquiesced in by the legislature that we shall not now disturb it. The county court ruled that under the facts and rule of the *Paine Case,*

*supra,* the claim in suit was barred by sec. 321.02 (3), Stats., because action was not begun on the bond within four years from the time the guardian was discharged.

The appellants claim that a proviso in sec. 321.02 (3), Stats., permits commencement of action on a guardian's bond within one year after termination of a proceeding in which the guardian's account is settled when there is such a proceeding pending at the expiration of the four years' limitation first declared in the statute, that is when the wards arrive at the age of twenty-five years. Counsel for the estate claims that the proviso operates only when the proceeding for accounting is pending when the guardian is discharged, that is when the ward becomes twenty-one years of age.

Sec. 321.02 (3), Stats., so far as here material, reads as follows:

"No action shall be maintained against the sureties on any bond given by a guardian . . . unless it be commenced within four years from the time when he was discharged; provided, that in case an accounting is had, the time within which said action may be commenced shall not terminate until one year after the final determination of such accounting proceedings."

The section was before the court for construction in *Rew v. Marshek,* 240 Wis. 273, 3 N. W. (2d) 378, and was construed, page 276, as limiting "the time within which an action on the guardian's bond may be begun to four years after the ward reaches the age of twenty-one years, except that in cases where an accounting is pending when that time arrives, the time is extended as provided in the amendment."

That the words "that time" in the above quotation refer to four years after the time the ward becomes twenty-one years of age is shown by the paragraph next succeeding the one from which the above quotation is taken, where it is said: "It appearing that this [*Rew v. Marshek*] action was not begun until more than four years after the ward arrived at the age of twenty-one years, and that no accounting proceeding was then pending, the action is barred by the statute."

The appellant minors became twenty-one years of age on October 14, 1937, and June 17, 1940, respectively, and twenty-five years of age on October 14, 1941, and June 17, 1944. Rollmann began an accounting proceeding against the guardian on May 31, 1941, and the minors joined in that proceeding on June 10, 1941. Thus there was an accounting proceeding pending when the wards became twenty-five years of age and the one-year extension of sec. 321.02 (3), Stats., came into operation. A contingent claim was filed in the Bocher estate on July 13, 1945, and an absolute claim on August 27, 1945. The filing of this claim constituted the commencement of an action. The Rollmann action was begun prior to the 19th day of September, 1945.

It thus appears that the filing of the contingent claim and the commencement of the circuit court action were timely under sec. 321.02 (3), Stats.; that the judgment in the circuit court should be affirmed; and that the judgment of the county court should be reversed, unless the claim is barred by sec. 313.08, commonly referred to as the "nonclaim" statute, which reads as follows:

"Every claim against a decedent, proper to be filed in probate proceedings in county court, which shall not, after notice given as required by sections 313.03 and 313.04, be filed within the time limited for that purpose, shall forever be barred."

In the Bocher estate an order was entered fixing the time limited for filing claims at February 14, 1938. That time was never extended under the provisions of sec. 313.03 or 313.04, Stats., and the claim was filed more than two years after the time limited by sec. 313.03 for extension. Thus the claim was barred by the terms of the statute, if a contingent claim must be filed within the time fixed for the filing of claims which are absolute.

By Stats. 1931 special provisions existed for the filing and allowance of contingent claims in secs. 313.22, 313.23, 313.24,

and 313.25. Sec. 313.24 provided that if a claim became absolute after the time limited for a creditor to present his claim, it might be presented and proved within one year after it should accrue and become absolute. By ch. 190, Laws of 1933, sec. 313.24 was repealed and secs. 313.22, 313.23, and 313.25 were amended and stand in the present statutes as follows:

"Sec. 313.22 *Contingent claims.* Contingent claims against a decedent's estate which cannot be allowed as debts shall, nevertheless, be presented to the court and proved, and they shall be embraced in a statement like that provided in section 313.06. The court may order the executor or administrator to retain in his hands sufficient estate to pay contingent claims when the same become absolute; or if the estate is insolvent, sufficient to pay a percentage thereof equal to the dividends of the other creditors.

"Sec. 313.23 *Contingent claims; when allowed, how paid.* When a contingent claim, which was duly presented, shall become absolute it may be allowed, upon due proof made within one year after it becomes absolute, in the same manner as other claims. If such contingent claim shall be allowed the creditor shall be entitled to receive payment thereon to the same extent as other creditors.

"Sec. 313.25 *Liability of heirs and legatees for claims.* When a contingent claim shall have become absolute and been allowed, and the executor or administrator shall not have sufficient assets to pay such claim, the creditor may recover such part of his claim as the executors or administrators has not assets to pay from the heirs, devisees or legatees who have received property from the estate that was liable for the payment of the debts of the decedent."

It will be noted that by sec. 313.22, Stats., contingent claims must be presented to the county court. No special provision being made for the time of filing them, the implication is that they must be filed by the time that other claims are filed; and the provision of sec. 313.23 that having been "duly presented" they may be proved and allowed implies that they must be filed within the time that other claims must be filed; and the provision of sec. 313.23 that a contingent claim

"duly presented" can be allowed within one year after it becomes absolute implies that it cannot be allowed if not filed within the time that other claims must be filed.

Suggestion is made by appellants' counsel that ch. 190, Laws of 1933, was a revisor's bill and that the revisor of statutes has no power to change the meaning of revised laws, hence the provisions of the statutes of 1931 remain in force. Ch. 190 was not an ordinary revisor's bill. It was a revision made by the committee on rules of pleading, practice, and procedure created by sec. 251.18, Stats., and professedly contains changes of substantive law as well as mere rules of procedure. The legislature is therefore presumed to have intentionally made whatever changes relating to contingent claims under the nonclaim statute as ch. 190 purports to make, and the enacted provisions must be applied according to that intent.

The appellants claim that if the construction of sec. 321.02 (3), Stats., contended for by respondent were to be sustained the statute would be unconstitutional as to the appellants because they were minors and not competent to file a claim up to the time of their guardian's discharge. This is immaterial under our construction of the statute as they could file their claim up to the time they became twenty-five years of age because a claim against their guardian was pending at that time. However, the ward Wilfred Kueschel was only nineteen years of age when the time for filing claims in the Bocher estate expired; he was thus then incompetent to commence a suit. Thus under the theory advanced by appellants' counsel he was denied opportunity to litigate the question of the allowance of his claim, and under that theory a statute purporting to bar his claim for nonperformance of an act that it was impossible for him to perform might be argued to be unconstitutional as to him for denial of due process. But the supreme court of the United States in *Vance v. Vance,* 108 U. S. 514, 2 Sup. Ct. 854, 27 L. Ed. 808, has held otherwise. It is said in the opinion of the court in that case (p. 521) :

". ... the constitution of the United States, to which appeal is made in this case, gives to minors no special rights beyond others, and it was within the legislative competency of the state of Louisiana to make exceptions in their favor or not. The exemptions from the operation of the statute of limitation usually accorded to infants and married women do not rest upon any general doctrine of the law that they cannot be subjected to their action, but in every instance upon express language in those statutes giving them time after majority, or after cessation of coverture, to assert their rights. . . ."

Our general statute, sec. 330.33 (1), Stats., makes no such exception as to claims against estates. It applies only to actions in courts of general jurisdiction, as distinguished from probate courts, and the nonclaim statute does not cover such actions. No exception is made as to minors in the nonclaim statute. Therefore they are bound by that statute. It was so held under the nonclaim statute of Iowa in *Boyle v. Boyle*, 126 Iowa, 167, 101 N. W. 748, 3 Ann. Cas. 575. The rule of the *Boyle Case* is followed in a long line of Iowa cases extending to *Rohrig v. Whitney*, 234 Iowa, 435, 12 N. W. (2d) 866. The rule is stated in 34 Am. Jur., Limitation of Actions, p. 158, sec. 197, in conformity with the *Vance Case, supra*, and the point is there fully discussed.

The judgment against the guardian which forms the basis of both the instant actions was for $3,296.91. The penalty of the guardian's bond was $2,500. The judgment in the Rollmann case was for the amount of the penalty, plus interest on that amount, less certain offsets. The beneficiaries of the bond in the Rollmann case filed a motion to review the court's allowance of interest on the amount of the penalty of the bond only from the time the judgment against the guardian was finally determined, and contend that they should have been allowed interest from the time they became of age when the amount of the guardian's obligation to them became due. Cases are cited in the brief of plaintiff in the Rollmann case in which interest was allowed in addition to the penalty of the

bond. In *Lyon v. Clark* (1853), 8 N. Y. 148, 157, it was allowed from the time of demand for payment. *Smith v. Macon* (1833), 1 Hill Eq. (S. C.) 339, is to like effect, except that the time from which interest should be computed does not expressly appear. *Gloucester City v. Eschbach* (1892), 54 N. J. Law, 150, 23 Atl. 360, holds that interest in addition to the penalty is recoverable from the time the penalty ought to have been paid. This exhausts the plaintiff's citations.

Counsel for defendant concedes that but for the language of sec. 321.05, Stats., providing that recovery on bonds given in county court shall not exceed the amount of the penalty, exclusive of costs, there are cases supporting the ruling of the court that interest may be allowed from the date the cause of action accrued against the surety. The cause of action against the surety accrued upon demand of payment after the amount due from the guardian was finally determined. The date of the judgment so determining is the time from which interest was allowed in the Rollmann case.

The plaintiff's claim being unliquidated the plaintiff would ordinarily be entitled to recovery of interest from the time demand for payment was made or from the time of the commencement of the action if demand therefor was not made prior thereto. *Thoma v. Class Mineral Fume Health Bath Co.* 244 Wis. 347, 358, 12 N. W. (2d) 29. In claims against estates recovery of interest is allowed from the time of the filing of the claim. *Murphy v. Burns,* 216 Wis. 248, 252, 257 N. W. 136, citing numerous cases. Upon like reason the interest should be allowed in actions from the time the action is brought if payment is not demanded prior thereto, as the filing of the claim is the commencement of an action. In the Rollmann case, wherein the prayer of the complaint demanded judgment against the defendant, the commencement of the action was apparently the only demand made for payment, and the action was commenced between September 12, 1945,

and September 19, 1945, when the jurats to the complaint and answers respectively were executed. We consider that in the instant Rollmann case the time of the commencement of the action is the time from which interest is recoverable, unless the language of sec. 321.05, Stats., precludes allowance of anything beyond the $2,500 penalty of the bond.

As to sec. 321.05, Stats., we consider that the penalty becomes payable when demand for its payment is made, and that interest is recoverable on the amount of the penalty from the time it is payable, just as interest is recoverable in suit on any other contract for the payment of money from the time the amount recoverable upon it becomes payable. In this situation the allowance of interest should have been from September 19th instead of August 24th, but the beneficiaries of the bond were not harmed by the additional allowance, and the motion for review is denied. As the defendant claims that the judgment of the court is correct, and does not claim that interest for the interim between August 24th and September 19th, should not have been allowed, the judgment should be affirmed.

*By the Court.*—A judgment of affirmance will be entered in each case and the cause remanded to the proper court. No costs will be allowed to either party in either case. Each appellant will pay the costs of the clerk of this court in the case in which he appealed.